# EXHIBIT A

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/20/2024 6:43 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CPIF CALIFORNIA, LLC, a California Limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>AGTJ13, LLC a Delaware limited liability company,<br><br>          Defendant. | Case No.: 24STCV00589<br><br>DECLARATION OF JOSHUA PARK |

I, Joshua Park, declare:

1.  I am a resident of the County of Orange, State of California.

2.  I am the Corporate Secretary for Gaju Market Corporation ("GAJU"), the anchor tenant of the property located at 450 S. Western Ave., Los Angeles, which property is the subject of this litigation.

3.  I am also a member of KALO AVRIO, LLC, which is a member of AGTJ13, LLC ("AGT"), owner of the property subject to this litigation.

4.  I have personal knowledge of the facts set forth herein and, if sworn as a witness, can competently testify to the contents of this declaration.

5.  As Secretary of GAJU and as a member of KALO AVRIO, and on behalf of AGT, I am responsible for collecting and/or monitoring the payment of rent by the tenants of 450 S. Western Ave.  I was engaged by AGT to, jointly with Secured Properties, collect tenant rents and manage the property. The reason for this responsibility is that as part of the lease between GAJU and AGT, the joint venture

agreement between JAKE SHARP CAPTIAL and KALO AVRIO, LLC, and the AGTJ13, LLC

Operating agreement,  which were all executed as part of one overall agreement, GAJU is responsible

for the shortfall in any rents paid by the tenants, together with any vacancies (hereafter referred to as

"Backstop").

6.    On or about January 12, 2024 GAJU received a notice from CPIF CALIFORNIA, LLC

("CPIF"), that, as a result of  AGT'S default, rents were to be paid directly to CPIF pursuant to its

assignment of rents.

7.    About the same time I was contacted by Jake Sharp, Manager of AGT, who likewise demanded

payment of the rent and Backstop.  Attached hereto as Exhibit A is a copy of the Notice received by

GAJU via email.

8.    Mr. Sharp told me that he had negotiated a loan extension with CPIF and that I could safely

ignore its demand for payment.

9.    Mr. Sharp further stated that the loan extension was contingent on making the GAJU rent and

Backstop payments, and that GAJU would be responsible for damages resulting from the failure to

obtain the extension if it failed to make these payments.  Mr. Sharp also made the following threats:

   a.   He would start an eviction process for "all" tenants.

   b.   He communicated with a third party known as "The Kims," to "annihilate you and your

        family, and the Rhees. Obliterate you by making them your landlord."

10. I reviewed the Backstop payments claimed by Mr. Sharp.  They appeared to be overstated by

approximately $263,000.00.  When I received the requested rent roll for the basis of the shortfall

demand, I discovered an intentionally doctored allocation of the square footage between non-conjoining

units in order to apply a higher rate of rent to a particular unit. Also there were false presentation of

leases that have not been executed according to the "open date" stated in the rent roll.

11. Further, until receipt of the default notice, I had not been informed under Sharp's management

AGT's debt had increased from $52 million to approximately $59 million in three years.

12. I noted that Jake Sharp's declaration in opposition made no reference to the $1,700,000 CPIF

alleges that Sharp diverted from AGT's accounts.

13. I have, through counsel, requested an accounting of the $1,700,000 allegedly diverted from the AGT bank accounts. To date I have received no reply, but have set February 20, 2024 as a deadline for receipt.

14. I now understand that Mr. Sharp has not negotiated a loan extension with CPIF, and that his representations to me were false.

15. Funds are available to make both the GAJU lease and corrected Backstop payments.

16. I have authorized counsel for GAJU to intervene in this action to 1) obtain instructions from the Court as to which entity rent and Backstop payments should be made, and 2) suggest an alternative receiver, Richard Laski, who's CV is attached hereto as Exhibit B.

17. Mr. Laski acted as the chief restructuring officer for AGTJ13, LLC's predecessor in interest. He is extremely familiar with the building's tenants, operations and management. He effectively acted as the manager of the entire building operation for over two years and managed the sale of the property to AGTJ13, LLC through the bankruptcy court.

18. There will be no learning curve if Mr. Laski is appointed receiver. Additionally, he is extremely experienced and adept at working with the Korean community, having acted in a similar position with the breakup of a local Korean Church.

19. Moreover, under current operating agreements, Mr. Sharp is entitled to receive a management fee equal to five percent (5%) of the building rentals, which amount is paid in addition to the fees for the management company. These funds should no longer be paid to Mr. Sharp, but retained for the benefit of the building and its creditors, including CPIF.

20. While GAJU is strenuously in favor of Mr. Laski as a receiver, it strongly supports the appointment of a receiver regardless of whom the court selects for that position.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 20th day of February 2024 at Irvine, California.

_Joshua Park_____
Joshua Park

DECLARATION OF JOSHUA PARK

# EXHIBIT A



3435 Wilshire Blvd., Suite 2510
Los Angeles, CA 90010
T 213-389-5888
F 213-389-6888

January 19, 2024

California Marketplace-ALL TENANTS
450 S Western Ave
Los Angeles, CA 90020

RE:                    **LETTER DATED JANUARY 12, 2024- TO DEMAND TO TURN OVER
RENTS TO CPIF CALIFORNIA, LLC**

Dear ALL TENANTS:

**Please disregard any and all notices you have previously received directing you to pay
February or future rents to CPIF CALIFORNIA LLC.**

**AGTJ13 LLC is still the owner of the property and that has not changed.**

**All Rent Payments should be made payable to AGTJ13 LLC and can be delivered to
Secured Properties Management Group Inc.office personally, by mail, direct deposit
through AppFolio or to Joshua Park as you have previously done. Secured Properties
Management Group office address is 3435 Wilshire Boulevard, Suite 2510, Los Angeles,
CA 90010.**

Please call with any questions as we are happy to help clarify any confusion previous letters
may have caused.

Sincerely,

Secured Properties Management Group

# EXHIBIT B

# Richard J. Laski

470 Maylin Street, Pasadena, CA 91105
RLaski@WilshireLLC.com
(716) 868-8483

## *Profile*

***Trustee, Receiver, Chief Restructuring Officer***
***20+ years experience managing and restructuring distressed companies***
***Specializes in alternate dispute resolution avoiding costly courtroom litigation***

- **Chapter 11 Trustee and Receiver** – Specializes in resolving complex business disputes and managing financially distressed businesses through the reorganization process. Managed largest Chapter 11 case in Los Angeles, CA in 2015. Managed largest Chapter 11 case in Buffalo, NY in 2001.

- **Chief Restructuring Officer** – Saved world's largest luxury automobile dealership from threatened bankruptcy. Negotiated forbearance agreement with lender, stabilized business, established immediate key relationships with lenders, customers, suppliers and employees. Completed business recapitalization with minority interest investor in less than seven months.

- **Provisional Director** – Resolved heated litigation between partners of highly profitable hardwood flooring importer. Using conference room and one-on-one meetings, negotiated refinancing and buy-out of 50% owner avoiding costly courtroom litigation and returned business to stable operations.

## *Career Summary*

**Wilshire Partners of CA, LLC** ••• Founder and Managing Director                **2003 – Present**
*Provides Chief Restructuring Officer, Interim CEO and Trustee services to distressed companies.*

- **Chief Restructuring Officer and Interim CEO experience in the following industries:**
  Real estate, automobile dealership, hotel & hospitality, health care, transportation, petroleum distribution, construction contractor, manufacturing, import & distributorship, churches & nonprofit.

- **Chapter 11 Trustee appointments:**
  - > *Holy Hill Community Church* – Reorganized struggling mega-church into four separate churches
  - > *Michael Kamen* – Resolved complex owner disputes & managed more than 50 real estate holdings
  - > *Vitargo, Inc* – Reorganized and sold struggling sport nutrition supplement business
  - > *Wrightwood Guest Ranch, LLC* – Wedding & zipline business –reorganized & sold land & assets
  - > *SYS Hospitality LLC* – Two hotels – managed & reorganized hotels, sold via consensual plan
  - > *WMI, Inc.* - Construction contractor - managed and restructured business, settled contract disputes
  - > *We Care Transportation, Inc.* – NY bussing company – reorganized & sold via consensual plan
  - > *Fadlallah Kairouz* – Petroleum distributor – reorganized & sold via consensual plan

- **Special court appointments:**
  - > *LA Hardwood Flooring, Inc. - Court appointed Provisional Director* – import & distribution
  - > *Seaside Recovery Center, LLC – Court appointed Examiner* – health care industry

**CNB International, Inc. D.I.P.** ••• CEO of international machinery manufacturer         **1999 – 2003**
**Verson International Group, plc.** ••• U.S. CFO of UK publicly-traded company         **1993 – 1999**
**Leica, Inc.** ••• U.S. Corporate Controller for Swiss parent company         **1990 – 1993**
**KPMG and Deloitte & Touche** ••• Dallas, TX and Buffalo, NY tax specialist         **1982 – 1990**

## *Certifications*
Certified Public Accountant – Certified since 1984
Chapter 11 Trustee Security Clearance – US Department of Justice

## *Education*
**University of Notre Dame**         Bachelor of Business Administration – Accounting – 1982