# EXHIBIT 22

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/09/2024 11:54 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

1  Antonia Stabile (CA 329559)
   Benesch, Friedlander, Coplan & Aronoff LLP
2  100 Pine Street, Suite 3100
   San Francisco, California 94111
3  Telephone:  628.600.2250
   Facsimile:   628.221.5828
4  astabile@beneschlaw.com

5
   Kevin M. Capuzzi (*pro hac vice* forthcoming)
6  Benesch, Friedlander, Coplan & Aronoff LLP
   1313 North Market Street, Suite 1201
7  Wilmington, DE 19801
   Telephone:    302.442.7010
8  Facsimile:     302.442.7012
   kcapuzzi@beneschlaw.com
9

10 M. Reas Bowman (*pro hac vice* forthcoming)
   Benesch, Friedlander, Coplan & Aronoff LLP
11 71 South Wacker Drive, Suite 1600
   Chicago, IL 60606
12 Telephone:    312.212.4949
   Facsimile:     312.767.9192
13 rbowman@beneschlaw.com

14
   *Attorneys for Plaintiff*
15

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                         COUNTY OF LOS ANGELES

17

18 CPIF CALIFORNIA, LLC, a California limited    Case No.  24STCV00589
   liability company,
19                                               **VERIFIED COMPLAINT FOR**

20              Plaintiff,
                                                 1. Specific Performance to Enforce Terms
21        v.                                        and Provisions of an Assignment of
                                                    Leases and Rents, Appointment of
22 AGTJ13, LLC, a Delaware limited liability        Receiver, and Injunctive Relief.
   company,
23

24              Defendant.

25

26

27

28

                                          1
                              **VERIFIED COMPLAINT**
                                   **Case No.**

Plaintiff complains and alleges against the defendant as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  At all relevant times, Plaintiff, CPIF California, LLC, was and has been a California limited liability company with a place of business in Seattle, Washington ("Plaintiff" or "Lender").

2.  Defendant, AGTJ13, LLC, is a Delaware limited liability company ("Defendant" or "Borrower"), doing business in the county of Los Angeles, California.

3.  The real property that is the subject of this action consists of an approximately 83,427 square foot multi-tenant retail center situated on a 1.67 acre parcel located at 450 South Western Avenue, Los Angeles, California 90020 ("Subject Property"), and is legally described in **Exhibit A** to the Assignment of Leases and Rents, attached hereto as **Exhibit 1**.  This Court is the proper Court for the trial of this action because the Subject Property is located within this judicial district and Borrower is doing business within the County of Los Angeles, California.

4.  This action arising from a commercial transaction is not subject to the provisions of Section 1801, *et seq.* or Section 2981, *et seq.* of the Civil Code of the State of California.

### THE LOAN OBLIGATION

5.  On January 10, 2022, Borrower executed and delivered to Lender a Promissory Note (the "Original Note") evidencing a loan in the original principal sum of $25,103,000.00 (the "Loan").  A true and correct copy of the Original Note is attached hereto as **Exhibit 2** and is incorporated herein by this reference as though set forth in full.

6.  In conjunction with Borrower's execution of the Original Note, Borrower executed and delivered to Lender a Loan Agreement (the "Loan Agreement") memorializing certain of Lender's and Borrower's agreements as part of the Loan.  The Original Note and Loan Agreement require, among other things, that Borrower make certain payments in accordance with Section 4.5 of the Loan Agreement; and that Borrower pay all outstanding principal, accrued unpaid interest, and all other sums due under the Loan Documents on January 10, 2023 (the "Original Maturity Date"), in accordance with Sections 2.1 and 4.3 of the Loan Agreement.  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 3** and is incorporated herein by this reference as though set forth in full.

**VERIFIED COMPLAINT**
Case No.

7.    In order to secure repayment of the Original Loan, Borrower also executed and delivered to Lender a Deed of Trust, Assignment of Leases and Rents, Assignment of Contracts, Security Agreement, and Fixture Filing dated as of January 10, 2022 (the "Deed of Trust"), pursuant to which, among other things, Lender was granted a lien against the Subject Property.  Lender perfected its interest in the Subject Property by recording the Deed of Trust on January 14, 2022, as Instrument No. 20220057045 in the Official Records of the Recorder's Office of Los Angeles County, California.  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 4** and is incorporated herein by this reference as though set forth in full herein.

8.    To further secure the performance of the terms, covenants, and agreements of the Original Loan, Borrower executed and delivered to Lender an Assignment of Leases and Rents dated as of January 10, 2022 (the "ALR"), pursuant to which, among other things, Lender was granted all rights, titles, and interests in all leases, licenses, agreements, rents, profits, revenues, and income of the Subject Property (the "Assigned Rights").  Lender perfected its interest in the Assigned Rights by recording the ALR on January 14, 2022, as Instrument No. 20220057046 in the Official Records of the Recorder's Office of Los Angeles County, California. A true and correct copy of the ALR is attached hereto as **Exhibit 1** and is incorporated herein by this reference as though set forth in full herein.

9.    On December 30, 2022, Borrower and Lender agreed to increase the Loan's principal to $29,190,000.  In connection with the Loan's increased principal, Borrower executed and delivered to Lender an Amended and Restated Promissory Note evidencing the Loan's increased principal (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit 5** and is incorporated herein by this reference as though set forth in full.  In conjunction with Borrower's execution of the Note, Borrower executed and delivered to Lender the First Omnibus Modification and Reaffirmation Agreement (the "First Omnibus Agreement").  A true and correct copy of the First Omnibus Agreement is attached hereto as **Exhibit 6** and is incorporated herein by this reference as though set forth in full.

10.    On September 28, 2023, Borrower and Lender agreed to extend the Loan's Original Maturity Date to February 10, 2024 (the "Maturity Date").  In connection with the extended Maturity Date, Borrower executed and delivered to Lender the Second Omnibus Modification and Reaffirmation Agreement (the "Second Omnibus Agreement").  A true and correct copy of the Second Omnibus

**VERIFIED COMPLAINT**
**Case No.**

1    Agreement is attached hereto as **Exhibit 7** and is incorporated herein by this reference as though set forth

2    in full.

3          11.     The Loan Agreement also provides that absent an "Event of Default," as defined in Article

4    18 of the Loan Agreement, interest is to accrue on the outstanding principal balance of the Loan at the rate

5    of 13% per annum, as set forth therein in Section 5.1 of the Loan Agreement (the "Applicable Rate").  The

6    Loan Agreement also provides as Sections 2.1 and 5.2 that, upon an Event of Default, interest is to accrue

7    with respect to the Loan at a rate per annum equal to the lesser of: (i) the maximum legal rate, or (ii)

8    twenty-five percent (the "Default Rate").  The Loan Agreement further provides, at Section 4.6, that if the

9    Borrower fails to make a payment on the date on which it is due, Borrower shall pay an amount equal to

10    five percent of the amount past due in order to defray the expense occurred by Lender in handling and

11    processing such delinquent payments and to compensate Lender for the loss of the use of such delinquent

12    payment ("Late Charge").

13          12.     In order to secure repayment of the obligations evidenced by the Note and the Loan

14    Agreement, Borrower executed and delivered to Lender the First Amendment to Deed of Trust, dated as

15    of December 30, 2022, that reflected the new Loan amount (the "Amended Deed of Trust").  Lender

16    recorded the Amended Deed of Trust on January 3, 2023, as Instrument No. 20230000663 in the Official

17    Records of the Recorder's Office of Los Angeles County, California.  A true and correct copy of the

18    Amended Deed of Trust is attached hereto as **Exhibit 8** and is incorporated herein by this reference as

19    though set forth in full herein.

20          13.     Borrower also executed and delivered to Lender the First Amendment to Assignment of

21    Leases and Rents, dated as of December 30, 2022, that reflected the Loan's increased principal (the

22    "Amended ALR").  Lender recorded the Amended ALR on January 3, 2023, as Instrument No.

23    20230000664 in the Official Records of the Recorder's Office of Los Angeles County, California.  A true

24    and correct copy of the Amended ALR is attached hereto as **Exhibit 9** and is incorporated herein by this

25    reference as though set forth in full herein.

26          14.     The Note, Loan Agreement, Deed of Trust, ALR, Amended Deed of Trust, Amended ALR,

27    First Omnibus Agreement, and Second Omnibus Agreement, together with any and all other documents

28

**VERIFIED COMPLAINT**
**Case No.**

1  executed by Borrower in connection with the Loan, are collectively referred to hereinafter as the "Loan

2  Documents."

3  ### DEFAULTS UNDER THE LOAN DOCUMENTS

4       15.    Borrower has defaulted under the terms of the Loan Documents by, among other things:

5  (1) incurring debt in violation of Section 14.27.8 of the Loan Agreement; (2) transferring assets by making

6  cash distributions to its partners, members, principals, shareholders, equity holders, owners, and/or

7  Affiliates in violation of section 14.27.7 of the Loan Agreement; (3) failing to deliver financial reporting

8  information and documentation as required by Section 14.12 and Exhibit B of the Loan Agreement; and

9  (4) failing to deliver lease documentation as required by Section 14.8 of the Loan Agreement.

10       16.    As a result of Borrower's defaults, on November 13, 2023, Lender's counsel sent Borrower

11  a notice of default ("Notice of Default"), notifying Borrower of the defaults set forth above.  A true and

12  correct copy of the Notice of Default is attached hereto as **Exhibit 10** and is incorporated herein by this

13  reference as though set forth in full.

14       17.    Borrower received Lender's Notice of Default on November 15, 2023, according to the

15  FedEx tracking information attached hereto as **Exhibit 11**.  Thereafter, Borrower failed to deliver to

16  Lender within 30 days the information and documentation as required by Section 14.12 and Exhibit B of

17  the Loan Agreement; and failed to deliver lease documentation as required by Section 14.8 of the Loan

18  Agreement.

19       18.    Borrower's breaches of Sections 14.27.8, 14.27.7, 14.12, and 14.8 of the Loan Agreement

20  described herein constitute "Events of Default" under the Loan Documents, including the ALR.

21       19.    As of January 5, 2024, the following amounts are owed by Borrower to Lender under the

22  terms of the Loan Documents:

23           a.    Principal on the Loan in an amount according to proof, but not less than the sum of

24              $29,190,000.00;

25           b.    Accrued interest at the Interest Rate and Default Rate in an amount according to

26              proof, but not less than the sum of $90,996.90;

27           c.    Late Charges on the Loan in an amount according to proof, but not less than the

28              sum of $5,076.77;

d.     Costs and reasonable attorneys' fees in an amount according to proof, but not less than the sum of $80,961.58; and

e.     Such amounts as Lender may advance, if any, to or for the benefit of the Defendant or the real property securing the obligations owed by the Defendant.

20.    The Loan Documents provide that Borrower is required to pay all expenses and costs incurred by Lender in enforcing the terms of the Loan Documents, and in protecting the security of the ALR, including, but not limited to, reasonable attorneys' fees and costs.

21.    Lender has duly performed all conditions precedent on their part required to be performed except for those covenants and conditions which Lender is excused from performing due to Borrower's conduct.

## FIRST CAUSE OF ACTION

**(Specific Performance to Enforce Terms and Provisions of Assignment of Leases and Rents, Appointment of Receiver, and Injunctive Relief)**

22.    Lender repeats and incorporates herein paragraphs 1 through 21, inclusive, of its complaint.

23.    The ALR provides, in pertinent part, as follows:

IT IS AGREED that, notwithstanding that this instrument is a present, absolute and executed assignment of the Rents and of the Leases and a present, absolute and executed grant of the powers herein granted to Assignee, Assignor is hereby permitted, at the sufferance of Assignee and at its discretion, and is hereby granted a license by Assignee, to retain possession of the Leases and collect and retain the Rents as they become due and payable, unless or until the occurrence of an Event of Default (hereinafter defined) under the terms of this Assignment or any of the other Loan Documents. **Upon the occurrence of an Event of Default, the aforementioned license shall automatically terminate without notice to Assignor, and without prejudice to Assignee**. Assignee may thereafter, without taking possession of the Project, take possession of the Leases and collect the Rents. …

\* \* \*

11. It shall be an "**Event of Default**" hereunder … any Event of Default under the other Loan Documents, or any default under any other Loan Document which is not cured within any applicable grace or cure period, shall be deemed an Event of Default hereunder subject to no grace or cure period, entitling Assignee to exercise any or all rights provided for herein.

\* \* \* \*

20. In addition to, but not in lieu of, any other rights hereunder, Assignee shall have the right to institute suit and obtain a protective or mandatory injunction against Assignor to prevent a breach or default, or to reinforce the observance, of the agreements, covenants,

**VERIFIED COMPLAINT**
**Case No.**

terms and conditions contained herein, as well as the right to damages occasioned by any breach or default by Assignor.

21. Assignor hereby covenants and agrees that Assignee shall be entitled to all of the rights, remedies and benefits available by statute, at law, in equity or as a matter of practice for the enforcement and perfection of the intents and purposes hereof. ***Assignee shall, as a matter of absolute right, be entitled, upon application to a court of applicable jurisdiction, and without notice to Assignor, to the appointment of a receiver to obtain and secure the rights of Assignee hereunder and the benefits intended to be provided to Assignee hereunder.***

24.     Section 564(b)(11) of the California Code of Civil Procedure permits a court to appoint a receiver in the following case:

(11) In an action by a secured lender for specific performance of an assignment of rents provision in a deed of trust, mortgage, or separate assignment document. The appointment may be continued after entry of a judgment for specific performance if appropriate to protect, operate, or maintain real property encumbered by a deed of trust or mortgage or to collect rents therefrom while a pending nonjudicial foreclosure under power of sale in a deed of trust or mortgage is being completed.

25.     Lender hereby requests that this Court, in accordance with the terms and provisions of the ALR, and Section 564(b)(11) of the California Code of Civil Procedure, appoint a receiver to take possession of the Subject Property, including, but not limited to, all books, reports, and records pertaining to the Subject Property, with the power to protect, preserve, control, manage, sell, lease and care for the Subject Property, and also to collect the rents and profits from the Subject Property, to apply the proceeds over and above the cost of the receivership, against the obligations owed to Lender under the terms of the Loan Documents.  Lender has no speedy or adequate remedy at law and may suffer irreparable damage, injury and harm unless its application for the appointment for a receiver, as specifically provided for in the ALR, is granted.

26.     Additionally, and in aid of the receiver, Lender seeks a temporary restraining order and preliminary and permanent injunctions, restraining and enjoining Borrower and its agents, servants, employees, and all those acting in concert with them, and each of them, from engaging or performing, directly or indirectly, any of the following acts:

a.     Interfering, hindering, or molesting in any way whatsoever the receiver in the performance of the receiver's duties and the performance of any duties incidental thereto;

**VERIFIED COMPLAINT**
**Case No.**

b.    Transferring, directly or indirectly, any interest by sale, pledge, grant of security interest, assignment, encumbrance in any manner, in the Subject Property, and all proceeds thereof;

c.    Transferring, concealing, destroying, defacing, or altering books and records for the Subject Property;

d.    Demanding, collecting, receiving, or in any other way diverting or using any of the proceeds from the Subject Property;

e.    Failing or refusing to immediately turn over to the receiver all money, checks, funds, or proceeds belonging to or for the benefit of Defendant, and all premises from which Defendant conducts business; and

f.    Such other and further injunctive relief and orders as are sought by the Lender, in aid of the receiver's duties, as may be described in motions and applications filed by Lender with the Court.

## PRAYER

**WHEREFORE**, Lender prays judgment against the defendant, as follows:

1.    For the appointment of a receiver to take possession of the Subject Property, including, but not limited to, all books, reports, and records pertaining to the Subject Property, with the power to protect, preserve, control, manage, sell, lease and care for the Subject Property, and also to collect the rents and profits from the Subject Property, to apply the proceeds over and above the cost of the receivership, against the obligations owed to Lender under the terms of the Loan Documents, and for such compensation as the Court may deem just and proper.

2.    For a temporary restraining order and for preliminary and permanent injunctions restraining and enjoining Defendant and its members, managers, shareholders, directors, agents, officers, employees, and representatives, and each of them, from engaging in, or performing, directly or indirectly, any of the following acts:

a.    Interfering, hindering, or molesting in any way whatsoever the receiver in the performance of the receiver's duties and the performance of any duties incidental thereto;

8
**VERIFIED COMPLAINT**
**Case No.**

      b.    Transferring, directly or indirectly, any interest by sale, pledge, grant of security interest, assignment, encumbrance in any manner, in the Subject Property, and all proceeds thereof;

      c.    Transferring, concealing, destroying, defacing, or altering books and records for the Subject Property;

      d.    Demanding, collecting, receiving, or in any other way diverting or using any of the proceeds from the Subject property;

      e.    Failing or refusing to immediately turn over to the receiver all money, checks, funds, or proceeds belonging to or for the benefit of Defendant, and all premises from which Defendant conducts business; and

      f.    Such other and further injunctive relief and orders as are sought by the Lender, in aid of the receiver's duties, as may be described in motions and applications filed by Lender with the Court.

3.    For costs and expenses incurred by the receiver in the performance of the receiver's duties, including, without limitation, receiver's fees and charges and attorneys' fees.

4.    For costs and reasonable attorneys' fees incurred in the enforcement of the obligations owed to Lender and in the protection of Lender's interest in the Assignment of Leases and Rents, according to proof.

5.    For costs of suit incurred herein;

6.    For reasonable attorneys' fees in an amount according to proof; and

7.    For such other and further relief as the Court deems just and proper.

Dated:  January 9, 2024

Respectfully submitted,

*s/ Antonia Stabile*
Antonia Stabile (CA 329559)
Kevin M. Capuzzi (pro hac vice forthcoming)
M. Reas Bowman (pro hac vice forthcoming)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for CPIF CALIFORNIA, LLC

**VERIFIED COMPLAINT**
**Case No.**

**VERIFICATION**

I, Robert Shields, declare:

I am a Senior Underwriter for the Real Estate Lending strategy at Columbia Pacific Advisors, an affiliate of Plaintiff CPIF CALIFORNIA, LLC ("Plaintiff"). In that capacity, I have personal knowledge of the facts set forth herein. I have read the foregoing Complaint and know the contents thereof. The matters stated in the foregoing Complaint are true to my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 5, 2024, at Seattle, WA.

Robert Shields

10
**VERIFIED COMPLAINT**
Case No.