RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM

Counsel for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AGTJ13, LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession.<br><hr>In re:<br><br>AGTJ Manager, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession.<br><hr>☐ Affects both Debtors<br><br>☒ Affects AGTJ13, LLC only<br><br>☐ Affects AGTJ13 Manager, LLC only | Lead Case No.: 2:24-bk-11409-SK<br><br>Jointly administered with:<br>2:24-bk-11412-SK<br><br>Chapter 11 Cases<br><br><br>**APPELLANTS' STATEMENT OF ISSUES ON APPEAL**<br><br>[F.R.B.P. 8009] |

Appellants AGTJ13, LLC and AGTJ13 Manager, LLC (together, the "Debtors"), the debtors and debtors in possession in the above-referenced, jointly-administered Chapter 11 bankruptcy cases, hereby submit this statement of the issues on appeal, pursuant to Federal Rule of Bankruptcy Procedure 8009, in connection with the Debtors' appeal of the *Order Granting Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (Real Property)* [Docket Entry No. 187]:

1. Whether the Bankruptcy Court erred in granting the "Motion For (A) Relief From The Automatic Stay Under 11 U.S.C. § 362 (Real Property), And (B) Relief From Turnover Under 11 U.S.C. § 543 By Prepetition Receiver Or Other Custodian" [Docket Entry No. 152] (the "Motion").

2. Whether the Bankruptcy Court applied the incorrect legal standard in considering whether the Debtor's plan of reorganization has a reasonable possibility of being confirmed within a reasonable period of time.

3. Whether the Bankruptcy Court failed to appropriately consider whether the Debtor's plan of reorganization has a reasonable possibility of being confirmed within a reasonable period of time.

4. Whether the Bankruptcy Court erred in finding and/or concluding that the Debtors did not file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable period of time.

5. Whether the Bankruptcy Court erred in terminating the automatic stay provided under 11 U.S.C. § 362(a) of the Bankruptcy Code.

6. Whether the Bankruptcy Court erred in not providing the Debtors with an opportunity to amend their Disclosure Statement prior to granting relief from the automatic stay.

7. Whether the Bankruptcy Court erred in terminating the automatic stay rather than conditioning relief and allowing the Debtors an opportunity to address the issues and concerns raised by the Bankruptcy Court at the hearing on the Motion.

8. Whether the Bankruptcy Court erred in its evaluation and interpretation of the documents and evidence the Court considered in connection with the Motion, including, without limitation, the rent roll and other financial statements provided by the Debtors.

9. Whether the Bankruptcy Court erred in concluding that the real property at issue is not 100% leased pursuant to a vacancy guaranty provided by the real property's anchor tenant.

10. Whether the Bankruptcy Court erred in concluding that the combined disclosure statement/plan contains insufficient, incomplete, inconsistent or unreconcilable financial information and that such issues, to the extent they actually existed, constituted a basis for granting relief from the automatic stay under 11 U.S.C. § 362(d)(3).

11. Whether the Bankruptcy Court erred in concluding that the Debtors did not file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable period of time based on the Bankruptcy Court's conclusions at the hearing on the Motion regarding the adequacy of the Disclosure Statement.

12. Whether the Bankruptcy Court erred in concluding that there is no evidence before the Court that AGTJ13, LLC is a counter-party to a lease with Gaju Market Corporation.

13. Whether the Bankruptcy Court erred in concluding that the Debtors' plan of reorganization has no prospect of being confirmed in its present form.

14. Whether the Bankruptcy Court erred in failing to consider, or rejecting, that the Debtors' disclosure statement could be amended within a reasonable time to address the disclosure requirements of 11 U.S.C. § 1125.

15. Whether the Bankruptcy Court erred in concluding that it is impossible for the Debtor's plan of reorganization to be confirmed within a reasonable period of time.

16. Whether the Bankruptcy Court erred in waiving the 14-day stay of Rule 4001(a).

Dated: August 9, 2024

AGTJ13, LLC, et al.
By: /s/ Krikor J. Meshefejian
    RON BENDER
    BETH ANN R. YOUNG
    KRIKOR J. MESHEFEJIAN
    LEVENE, NEALE, BENDER, YOO
      & GOLUBCHIK L.L.P.
Counsel for Chapter 11 Debtors and Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **APPELLANTS' STATEMENT OF ISSUES ON APPEAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 9, 2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com
- Ron Bender    rb@lnbyg.com
- Kevin M Capuzzi    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Ryan J DeRose    ryan@parkandlim.com, cathy@parkandlim.com
- Krista M Enns    KEnns@beneschlaw.com, docket2@beneschlaw.com;SWolfish@beneschlaw.com;rkrueger@beneschlaw.com
- Alan Craig Hochheiser    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- Ron Maroko    ron.maroko@usdoj.gov
- David W. Meadows    david@davidwmeadowslaw.com
- Krikor J Meshefejian    kjm@lnbyg.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com

2. **SERVED BY UNITED STATES MAIL**: On **August 9, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 9, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ *Service **BY EMAIL** information continued on attached page*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 9, 2024 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Notice of Appeal Service List

| | | |
|---|---|---|
| Kevin M. Capuzzi, Esq., Benesch, Friedlander, Coplan & Aronoff LLP<br>1313 North Market Street, Suite 120<br>Wilmington, DE 19801 | M. Reas Bowman, Benesch, Friedlander, Coplan & Aronoff LLP<br>71 SOuth Wacker Drive, Suite 1600<br>Chicago, IL 60606 | Antonia Stabile, Esq, Benesch, Friedlander, Coplan & Aronoff LLP<br>100 Pine Street, Suite 3100<br>San Francisco, CA 94111 |
| Lone Oak Fund, LLC<br>11611 San Vicente Blvd.<br>Suite 640<br>Los Angeles, CA 90049 | Simon Aron, Esq., Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP<br>1140 W. Olympic Blvd., 9th Fl.<br>Los Angeles, CA 90064 | CPIF California, LLC<br>Robert Shields<br>1910 Fairview Avenue East<br>Suite 200<br>Seattle, WA 98102 |