RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM

Counsel for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AGTJ13, LLC, a Delaware limited liability company,<br><br>　　　Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>AGTJ Manager, LLC, a California limited liability company,<br><br>　　　Debtor and Debtor in Possession.<br>_____<br>☒ Affects both Debtors<br><br>☐ Affects AGTJ13, LLC only<br><br>☐ Affects AGTJ13 Manager, LLC only | Lead Case No.: 2:24-bk-11409-SK<br><br>Jointly administered with:<br>2:24-bk-11412-SK<br><br>Chapter 11 Cases<br><br>**DECLARATION OF KEVIN SINGER IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) ESTABLISHING BIDDING PROCEDURES FOR FREE AND CLEAR SALE OF ASSETS; (II) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING FORMS OF NOTICE; (IV) SCHEDULING AN AUCTION; (V) SCHEDULING A SALE HEARING; AND (VI) GRANTING RELATED RELIEF**<br><br>Date:　September 25, 2024<br>Time:　9:00 a.m.<br>Place:　Courtroom 1575<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

I, Kevin Singer hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the founder and President of Empire Brokerage & Real Estate Services, Inc. dba Receivership Specialists (the "Consultant") and I am the Chief Restructuring Officer of AGTJ13, LLC.

3.      The Consultant has been retained by AGTJ13, LLC ("Property Co") to provide my services as a Chief Restructuring Officer to Property Co in connection with the operation and management of the real property owned by Property Co and commonly referred to as 450 S. Western Avenue, Los Angeles, CA 90020 (the "Property").

4.      Additionally, pursuant to the "Binding Term Sheet" ("Term Sheet") between the Debtors, Jackson Lafayette Sharp, IV and CPIF California, LLC, which I understand has now been approved by the Court, the scope of my engagement has expanded to include authority and responsibility for compliance with the Term Sheet and for all aspects of the sale transaction contemplated in the Term Sheet, including management of the proposed real estate broker Newmark of Southern California, Inc. dba Newmark Knight Frank ("Broker") and timely delivery of all requested information to the broker, responding to buyer inquiries, preparing cure amounts and negotiating assumption and assignemtn of leases and executory contracts, negotiating purchase agreements and setting bid procedures deadlines and sale terms and conditions.

5.      I make this Declaration in support of the *Debtors' Motion For Entry Of An Order: (I) Establishing Bidding Procedures For Free And Clear Sale Of Assets; (II) Establishing Procedures Relating To Assumption And Assignment Of Executory Contracts And UnExpired Leases; (III) Approving Forms Of Noice; (IV) Scheduling An Auction; (V) Scheduling A Sale Hearing; And (VI) Granting Related Relief* (the "Bidding Procedures Motion").

6.      I was engaged late-April, early May 2024 and significant progress has been made in terms of rent collection, property management, accounting for rents and expenses, and day-to-day operations. Property Co is generating significantly more rent than it has expenses (which are predictable and consistent), and Property Co's cash position has grown.

1

7.     On June 18, 2024, CPIF filed a motion for relief from the automatic stay under section 362(d)(3) of the Bankruptcy Code.  A hearing on that motion was held on July 10, 2024, and the Court granted that motion over the objections of the Debtors and Lone Oak, and found that Property Co had not filed a plan that had a reasonable possibility of being confirmed within a reasonable period of time.

8.     On July 12, 2024, the Court entered the Stay Relief Order.  On July 26, 2024, the Debtors appealed the Stay Relief Order.  While the Court granted CPIF's motion for relief from the automatic stay, and CPIF scheduled a foreclosure sale for August 21, 2024, the Debtors continued to engage in discussions with CPIF regarding potential resolutions of disputes, and the Debtors and CPIF engaged in intensive negotiations which ultimately resulted in the entry of the "Binding Term Sheet" ("Term Sheet").

9.     I understand that at a hearing held on September 11, 2024, the Court approved the Term Sheet.

10.    The Term Sheet between the Debtors and CPIF, requires, among other things, that the Debtors achieve a number of milestones in connection with the Property sale process contemplated in the Term Sheet, including an August 30, 2024 deadline to file an application to employ a real estate broker (which the Debtors have met).

11.    Subsequent to the Debtors' employment of Newmark of Southern California, Inc. dba Newmark Knight Frank (the "Broker"), as the Debtors' real estate broker, the Debtors and CPIF met and conferred regarding the various deadlines and milestones set forth in the Term Sheet, and reached agreements pertaining to modifications to certain deadlines, and the specific terms and conditions of the bidding procedures.  My colleague Rick Marquis and I worked with the Debtors and Broker to formulate a timeline and process for the marketing and sale of the Property.  Mr. Marquis has also engaged in discussions with CPIF California, LLC in connection with an an appropriate marketing and sale process, and we participated in formulating the procedures ("Bidding Procedures") and timetable proposed in the Bidding Procedures Motion.

12.    Based on discussions with the Broker and CPIF California, LLC, I understand CPIF has agreed to the following dates and deadlines, and has approved the Bidding Procedures:

(a)      September 13, 2024 deadline to file the Bidding Procedures Motion (modified from the original Term Sheet date of August 30, 2024);

(b)      September 30, 2024 deadline for the publication/dissemination by Broker of a notice of sale (modified from the original Term Sheet date of September 4, 2024);

(c)      September 27, 2024 deadline for entry of an order approving this Motion (no change to original Term Sheet date);

(d)      October 7, 2024 deadline to provide notice of cure amounts to counterparties to unexpired leases and executory contracts (no change to original Term Sheet date);

(e)      October 24, 2024 Initial Bid deadline (similar to original Term Sheet date of October 24, 2024 for qualified bids);

(f)      October 31, 2024 Final and Best Bid deadline (not contemplated in original Term Sheet but agreed to by the Debtors and CPIF based on discussions with the CRO and the Broker);

(g)      November 7, 2024 deadline by which the Debtors may, but are not required to, identify a stalking horse bid (not contemplated in original Term Sheet, but agreed to by parties, with any stalking horse bid, stalking horse bidder and any bid protections, such to further bankruptcy court approval);

(h)      December 10, 2024 deadline to conduct an auction (modified from the original Term Sheet date of October 29, 2024);

(i)      December 20, 2024 deadline for entry of a sale order (modified from the original Term Sheet date of November 6, 2024);

(j)      January 16, 2025 deadline to close a sale, subject to further extension through February 28, 2025, as set forth in the Term Sheet (modified from the original Term Sheet date of December 17, 2024); and

(k)      February 28, 2025 outside closing date as provided in Term Sheet (no change to original Term Sheet).

13.     A true and correct copy of the proposed order approving the Bidding Procedures Motion is attached as **Exhibit** 1 to this Declaration.  A true and correct copy of the proposed Bidding Procedures is attached as **Exhibit 2** to this Declaration.

14.     I believe that the Bidding Procedures and the timeline proposed are appropriate and will promote the realization of the highest and best price for the Property under the circumstances and in conformance with the Term Sheet (with any modifications having been approved by CPIF California, LLC).

15.     The proposed Bidding Procedures are designed to ensure that the highest price possible is paid for the Property by a purchaser who has the financial ability to close on a purchase of the Property. This is being done by providing all prospective buyers with a level playing field with no bidder having any financial advantage over any other bidder.  The Broker will conduct a thorough marketing process designed to achieve the highest and best purchase price for the Property.  The Broker may recommend modifications to the Bidding Procedures, or procure a staking horse bidder.  Even if the Debtors reach an agreement with a financially qualified buyer to serve as the stalking horse bidder which will then be presented to the Court for approval, we will still insist upon an overbid process (indeed, the Term Sheet requires one) to make sure that all prospective bidders have the opportunity to overbid the stalking horse bid at an open Auction process to ensure that the highest and best price is ultimately paid for the Property.

16.     Attached as **Exhibit 3** to this Declaration is a proposed form of notice to be provided to all counterparties to executory contracts and unexpired leases in connection with the assumption and assignment of executory contracts and unexpired leases.

17.     Atatched as **Exhibit 4** to this Declaration is a proposed form of sale notice to be sent to all creditors, equity holders, proposed buyers and other parties in interest.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 12th day of September, 2024, at Los Angeles, California.

_____

KEVIN SINGER, Declarant

4

# EXHIBIT "1"

RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM

Counsel for Chapter 11 Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AGTJ13, LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession.<br>_____<br><br>In re:<br><br>AGTJ Manager, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession.<br>_____<br><br>☒ Affects both Debtors<br><br>☐ Affects AGTJ13, LLC only<br><br>☐ Affects AGTJ13 Manager, LLC only | Lead Case No.: 2:24-bk-11409-SK<br><br>Jointly administered with:<br>2:24-bk-11412-SK<br><br>Chapter 11 Cases<br><br>**ORDER (I) ESTABLISHING BIDDING PROCEDURES FOR FREE AND CLEAR SALE OF REAL PROPERTY; (II) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING FORMS OF NOTICE; (IV) SCHEDULING AN AUCTION; (V) SCHEDULING A SALE HEARING; AND (VI) GRANTING RELATED RELIEF**<br><br>Date:   September 25, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 1575<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

On September 25, 2024 at 9:00 a.m., the Court held a hearing to consider the motion ("Motion") [Doc __] filed by AGTJ13, LLC and AGTJ13 Manager, LLC, debtors and debtors in possession in the above-referenced joint-administered Chapter 11 cases (the "Debtors"), seeking entry of an order of the Court that, among other things:

(i)    Approves the Debtors' proposed bidding procedures ("Bidding Procedures"), substantially in the form attached as **Exhibit 2** to the Declaration of Kevin Singer (the "Singer Declaration") [Doc. __] filed in support of the Motion, for the sale of that certain real property located at 450 S. Western Avenue, Los Angeles, CA (the "Property"), free and clear of all liens, claims, encumbrances and other interests;

(ii)   Establishes and approves procedures (the "Assumption and Assignment Procedures"), relating to the assumption and assignment of executory contracts and unexpired leases and which approves the form of notice (the "Assumption and Assignment Notice") to be provided to all counterparties to executory contracts and unexpired leases attached as **Exhibit 3** to the Singer Declaration;

(iii)  Approves the Debtors' proposed form of notice (the "Sale Motion Notice") of the motion (the "Sale Motion") to sell the Property and to assume and assign designated executory contracts and unexpired leases to be sent to all creditors, equity holders, proposed buyers and other parties in interest in the form attached as **Exhibit 4** to the Singer Declaration;

(iv)   Schedules an auction ("Auction");

(v)    Schedules a hearing for the Court to consider the Sale Motion and approval of the sale of the Property and any related assumption and assignments of designated executory contracts and unexpired leases to the winning bidder and winning back-up bidder at the Auction ("Sale Hearing"); and

(vi)   Grants related relief.

Appearances were made at the hearing on the Motion as set forth on the record of the Court.

The Court, having considered the Motion and all of the pleadings filed by the Debtors in support of the Motion, the statements, arguments and representations of counsel for the Debtors made at the

2

hearing on the Motion, any responses or objections filed to the Motion and any replies filed by the Debtors, the statements, arguments and representations of all other parties who appeared at the hearing on the Motion, and good cause appearing,

**HEREBY ORDERS AS FOLLOWS:**

1.      The Motion is granted set forth herein.

2.      The Bidding Procedures in the form attached hereto as **Exhibit "1"** are incorporated herein by reference, and which are in substantially the same form of the proposed Bidding Procedures attached to the Singer Declaration, are hereby approved in all respects and shall govern all bidders and bids, including those that may be submitted by Qualified Bidders at the Auction.

3.      The Debtors may file and serve a notice of Court approval of the Bidding Procedures as the Debtors deem appropriate.

4.      The Debtors or Broker shall provide a copy of the Bidding Procedures to potential bidders.

5.      The Assumption and Assignment Procedures proposed by the Debtors in the Motion relating to the assumption and assignment of executory contracts and unexpired leases are approved, and the Debtors' Assumption and Assignment Notice to be provided to all counterparties to executory contracts and unexpired leases in the form attached hereto as **Exhibit "2,"** which is in substantially the same form of the proposed Assumption and Assignment Notice attached to the Singer Declaration, is approved.

6.      The Sale Motion Notice to be sent to all creditors, equity holders, proposed buyers, and other parties in interest in the form attached hereto as **Exhibit "3,"** which is in substantially the same form of the proposed Sale Motion Notice attached to the Singer Declaration, is approved.

7.      The Auction shall be held on **December 10, 2024, at 10:00 a.m. (prevailing Pacific time)**, at the offices of Levene, Neale, Bender, Yoo & Golubchik L.L.P., located at 2818 La Cienega Avenue, Los Angeles, CA 90034, with Qualified Bidders (as defined in the Bidding Procedures) having the option to participate in person or via Zoom, and the Auction procedures proposed by the Debtor in the Bidding Procedures are approved.

8.      The Debtors shall file and serve the Sale Motion Notice, Sale Motion, and Assumption and Assignment Notice by no later than **_____, 2024.**

3

9.      Any oppositions to the Sale Motion shall be filed and served by no later than _____, **2024.**

10.     Any replies to any oppositions to the Sale Motion, including any evidence in support of a "good faith" finding under 11 U.S.C. § 363(m) and/or to support a finding of "adequate assurance of future performance" under 11 U.S.C. § 365(f)(2)(B), shall be filed and served by no later than _____, **2024.**

11.     The Sale Hearing for the Court to consider the Sale Motion and approval of the proposed sale of the Property and any related assumptions and assignments of executory contracts and unexpired leases to the Winning Bidder (as defined in the Bidding Procedures) at the Auction (and to approve the Winning Back-Up Bidder (as defined in the Bidding Procedures)) shall be held on _____, **2024, at __:__ __.m. (prevailing Pacific time)**.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The CRO, with the consent of/in consultation withCPIF California, LLC and Lone Oak Fund, LLC as provided in the Bidding Procedures and the Term Sheet, may modify the dates and deadlines set forth in the Bidding Procedures and this Order without further order of the Court, provided, however, that the deadline to file the Sale Motion, the deadline to oppose the Sale Motion, the deadline to reply to any opposition to the Sale Motion, the date and time of the Sale Hearing, and the 14-day time period allotted to contracting counterparties to respond to an Assumption and Assignment Notice, may not be modified or shortened, as applicable, absent further order of the Court.

14.     All persons and entities that participate in the sale process and/or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bidding Procedures, the sale, and the Auction.

15.     To the extent of any inconsistencies between the Bidding Procedures and this Order, this Order shall govern.

16.     This Court shall retain jurisdiction over any matter or dispute arising from or relating to the Bidding Procedures or this Order.

**IT IS SO ORDERED.**

4

###

# EXHIBIT "2"

## BIDDING PROCEDURES – AGTJ13, LLC

These bidding procedures (the "Bidding Procedures") relate to the proposed free and clear sale by AGTJ13, LLC (the "Debtor") of that certain real property located at 450 S. Western Avenue, Los Angeles, CA (the "Property").

At a hearing held on September 25, 2024 before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court") under Case No. 2:24-bk-11409-SK, jointly administered with Case No. 2:24-bk-11412SK, the Bankruptcy Court approved these Bidding Procedures, which are intended to ensure that the highest and best possible price is paid for the Property by a purchaser who has the financial ability to close on the sale of the Property (the "Sale").  A copy of the Bankruptcy Court order approving these Bidding Procedures is attached hereto, without exhibits, as **Exhibit "A."**

The Debtor, with the consent of Lone Oak Fund, LLC and CPIF California, LLC, reserves the right to (i) seek a further order of the Bankruptcy Court to alter these Bidding Procedures, including to provide for a stalking horse bidder, if the Debtor determines that doing so is in the best interest of its bankruptcy estate and (ii) alter the procedures for bidding at the Auction by updating these Bidding Procedures prior to the open of the Auction.

### Free and Clear Sale of the Assets

The sale of the Property is proposed to be free and clear of all liens, claims, encumbrances and other interests pursuant to and in accordance with Section 363(b) and (f) of the Bankruptcy Code, subject to Bankruptcy Court approval, with any liens that exist against the Property to attach to the proceeds of the sale with the same priority and to the same extent, priority, enforceability, unavoidability and validity as such liens have in and to the Property as of the date of the sale and any distribution of any proceeds subject to the terms of the Term Sheet.  For the avoidance of

-1-

doubt, the Lenders continue to retain their rights/rights to object to an actual sale under 11 U.S.C. § 363 (with CPIF California, LLC's rights subject to its agreements under the Term Sheet).

An auction (the "Auction") will take place on **December 10, 2024, commencing at 10:00 a.m. (prevailing Pacific Time),** at the law offices of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), which is serving as bankruptcy counsel to the Debtor.  All Qualified Bidders (as defined below) and their representatives will be authorized to appear at the Auction in person or by video Zoom.  The Zoom information for the Auction will be provided in advance to all Qualified Bidders who wish to participate in the Auction by Zoom.

### Bidding Process

The Debtor has retained Newmark of Southern California, Inc. dba Newmark Knight Frank ("Broker") to serve as the Debtor's real estate broker.  Broker, the Debtor's Chief Restructuring Officer and LNBYG will jointly conduct the Auction.

### Key Dates for Interested Bidders

These Bidding Procedures provide interested parties with a detailed explanation of what they need to do to participate in the Sale process and Auction.

The key dates for the free and clear asset sale process and Auction are as follows:

| October 24, 2024 at 5:00 p.m. (prevailing Pacific time) | Initial Bid Deadline – Due Date for initial bids to be submitted by all parties who wish to participate in the sale process and Auction. In order to participate in the sale process and Auction, all prospective bidders must do all of the following: |
|---|---|
| | 1. Submit a redlined version of the template asset purchase agreement which will be provided by the Debtor (the "Template APA") indicating all changes that are requested to be made to the Template APA and a clean version of such potential bidder's revised purchase agreement (the |

| | |
|---|---|
| | "Submitted APA"), which will include such proposed bidder's initial bid and any contingencies/conditions precedent to closing the Sale of the Property; <br><br> 2.  Submit all documents and evidence to enable Broker and the CRO to reasonably determine whether the proposed bidder has the financial wherewithal and ability to participate in the Auction and close the sale on the timeline set forth herein; and <br><br> 3.  Submit an initial deposit in the amount of five-hundred thousand dollars ($500,000) (the "Initial Deposit"), which Initial Deposit would be deemed non-refundable if the bidder is deemed to be the winning bidder or (as set forth more fully below) the winning back-up bidder at the Auction and then the Debtor's proposed free and clear sale of the Property to the bidder is approved by the Bankruptcy Court. <br><br> An Initial Bid received after the Initial Bid Deadline shall not be considered unless the CRO and Broker, for good cause after consultation with the Lenders, consents. |
| **October 31, 2024** | "Final and Best" Bid deadline – Due Date for all bidders who submitted initial bids and who wish to participate in the Auction to submit their "final and best" bid (the "Final and Best Bid") (or indicate that such bidder's Initial Bid is the Final and Best Bid) and provide to Broker any additional information requested by Broker in connection with the Initial Bid.  In order to be eligible to submit a "Final and Best" bid and participate in the Auction, a bidder must have submitted an Initial Bid, unless the CRO and Broker decide, in consultation with the Lenders, to waive such a requirement with respect to any such bidder.  Any Final and Best Bid |

|  | submitted by a bidder who has not submitted an Initial Bid must comply with all requirements of the submission of an Initial Bid (other than with respect to the deadline for submission of an Initial Bid).  A Final and Best Bid received after the Final and Best Bid Deadline shall not be considered unless the CRO and Broker, for good cause after consultation with the Lenders, consent. |
|--|---|
|  | For the avoidance of doubt, a Final and Best Bid, and an Initial Bid that a bidder designates as its Final and Best Bid, is binding on the bidder and irrevocable, with the submitting bidder obligated to proceed with such bid in accordance with its terms (i.e., a bidder may use any diligence outs included its Final and Best Bid but may not withdraw the bid unless the Submitted APA permits such withdrawal). |
| **November 7, 2024** | Deadline to designate Stalking Horse Bid – Deadline by which the Debtor may, but is not required to, identify a Stalking Horse Bid and any bid protections proposed to be provided to Stalking Horse Bidder, with any such Stalking Horse Bidder, Stalking Horse Bid and bid proctections subject to Bankruptcy Court approval.  This deadline may be extended by the Debtor with the consent of Lone Oak Fund, LLC and CPIF California, LLC (the "Lenders"). |
|  | The Stalking Horse Bidder, if any, and the bid protections, if any, will be determined by the CRO in consultation with the Broker and the Lenders, and are subject to further Bankruptcy Court approval. |
| **December 6, 2024 at 5:00 p.m. (prevailing Pacific Time)** | Contingency Removal Deadline - Deadline for all bidders to complete due diligence and remove/waive any and all contingencies, including financing and due diligence contingencies such that the only contingency/condition precedent to closing on |

|  | such bid is the entry of a sale order approving the Sale to such bidder.<br><br>Failure by any bidder to withdraw its bid prior to such deadline will result in such bids becoming binding and irrevocable without contingencies.<br><br>Additional Deposit Deadline – Deadline for all bidders (other than those withdrawing their bids consistent with the terms of the Submitted APA) to submit an additional deposit of one-million dollars ($1,000,000.00) (the "Additional Deposit" and together with the Initial Depost, the "Deposit"). For the avoidance of doubt, to participate at the Auction, the total Deposit submitted by a bidder shall be $1,500,000.00. |
|---|---|
| **December 9, 2024, at 2:00 p.m. (prevailing Pacific Time)** | Deadline for Debtor to identify all Qualified Bidders and Qualified Bids |
| **December 10, 2024 at 10:00 a.m. (prevailing Pacific time)** | Auction to be held at the offices of Levene, Neale, Bender, Yoo & Golubchik L.L.P., which are located at 2818 La Cienega Avenue, Los Angeles, CA 90034, or via Zoom with all Qualified Bidders and their respective advisors to be provided with particulars in advance of the Auction. |
| **_____, 2024 at __:__ _.m. (prevailing Pacific time)** | Hearing to be conducted before the Bankruptcy Court for the Bankruptcy Court to approve the Debtor's sale of the Property to the winning bidder at the Auction (the "Sale Hearing") |
| **January 16, 2025** | Outside date by when the winning bidder at the Auction is required to close its purchase of the Property (the "Sale Closing") unless the Debtor, Lone Oak Fund, LLC and CPIF California, LLC jointly agree to extend the Sale Closing date (with each party being permitted to withhold or provide its consent in its sole and absolute discretion). |

**Due Diligence Access / Auction Participation Requirements**

In order to participate in the Auction process as a bidder, a person or entity interested in purchasing the Property (a "<u>Potential Bidder</u>") must deliver or have previously delivered to Broker, all of the following documents (the "<u>Participation Requirements</u>"): (1) an executed non-disclosure agreement with the form to be obtained from Broker; (2) a statement demonstrating a bona fide interest in purchasing the Property; and (3) at least one of the following: (i) written evidence of readily available funds (as reasonably determined by CRO after consulting with Broker and Lenders) equal to the Potential Bidder's initial bid and any increase the Potential Bidder desires to have authority to bid to, with Debtor to keep all such information completely confidential, (ii) a firm commitment for financing sufficient for the Potential Bidder to timely consummate its purchase of the Property (as reasonably determined by CRO after consultation with Broker and Lenders), or (iii) other sufficient information, which may include current audited financial statements and the latest unaudited financial statements of the Potential Bidder and/or its equity holders, or such other form of financial disclosure and credit-quality support or enhancement that will allow Broker and the CRO to make a reasonable determination (after consultation with Lenders) as to the Potential Bidder's financial and other capabilities to timely consummate its purchase of the Property should it prevail at the Auction.  Any Potential Bidder who has satisfied the foregoing Participation Requirements will be afforded, subject to the other provisions of these Bidding Procedures, due diligence access and additional information through access to an online data room and direct communication with the CRO as the Potential Bidder desires and Broker determines to be appropriate under the circumstances and subject to the availability of the CRO. For the avoidance of doubt, Lenders will be treated as Bidders and Qualified Bidders (and afforded access to the data room) without the requirement of satisfying the Participation Requirements (but will agree to reasonable non-disclosure agreements prior to accessing the data room).

## Due Diligence Limitations

The Debtor and Broker shall not be obligated to furnish any due diligence information to any Potential Bidder after the Contingency Removal Deadline.  In their discretion, the Debtor and Broker may, but shall not be obligated to, furnish additional information to Qualified Bidders after the Contingency Removal Deadline.  The Debtor and Broker reserve the right to withhold any due diligence materials from any Potential Bidder that the Debtor and Broker reasonably determine, after consulation with Lenders, are business-sensitive or otherwise not appropriate for disclosure to any Potential Bidder.

Neither the Debtor, CRO, Broker, Lenders nor any of their representatives or advisors shall be obligated to furnish information of any kind whatsoever to any person or entity who is not determined to have satisfied the Participation Requirements.

All due diligence requests must be directed to Broker, Attn: William Bauman, Email: bill.bauman@nmrk.com; and Kyle R. Miller, Email: kyle.miller@nmrk.com.

## Due Diligence from Potential Bidders

Each Potential Bidder shall comply with all reasonable requests for additional information by the Debtor acting through the CRO, or Broker, or their advisors regarding such Potential Bidder, including, without limitation, the Potential Bidder's financial wherewithal and ability to close the Sale.  The failure by a Potential Bidder to comply with any such requests is a basis for the Debtor acting through the CRO, and Broker, to determine that such Potential Bidder is not or cannot be a Qualified Bidder.

## Bid Deadlines for All Bidders

The deadline for all bidders to submit their initial bid for the Property ("Initial Bid") is **October 24, 2024 at 5:00 p.m. (prevailing Pacific time)** (the "Initial Bid Deadline").  An Initial

Bid may be transmitted electronically and must be received on or before the Bid Deadline by the Debtor, Broker, CRO, LNBYG, Lone Oak and CPIF (collectively, the "Receiving Parties").  An Initial Bid received after the Initial Bid Deadline shall not be considered unless the CRO and Broker, for good cause after consultation with the Lenders, consents.

The deadline for all bidders to submit their "Final and Best" bid (a "Final and Best Bid") (or indicate that such bidder's Initial Bid is the Final and Best Bid) and provide to to Broker any additional information requested by Broker in connection with the Initial Bid, is **October 31, 2024 at 5:00 p.m. (prevailing Pacific time)** (the "Final and Best Bid Deadline").  In order to be eligible to submit a Final and Best Bid and participate in the Auction, a bidder must have submitted an Initial Bid, unless the CRO and Broker decide, in consultation with the Lenders, to waive such a requirement with respect to any such bidder.  The bidder that provides, in the CRO's and Broker's determination, upon consultation with the Debtor, LNBYG, Lone Oak and CPIF, the highest and best Final and Best Bid will be eligible to serve as a stalking horse bidder, with the terms of any such stalking horse bid subject to negotiation and Bankruptcy Court approval.  A Final and Best Bid received after the Final and Best Bid Deadline shall not be considered unless the CRO and Broker, for good cause after consultation with the Lenders, consent.

For the avoidance of doubt, a Final and Best Bid, and an Initial Bid that a bidder designates as its Final and Best Bid, is irrevocable, with the submitting bidder obligated to proceed with such bid in accordance with its terms (i.e., a bidder may use any diligence outs included its Final and Best Bid but may not withdraw the bid unless the Submitted APA permits such withdrawal).

For the avoidance of doubt, nothing obligates the Debtor to select a stalking horse bidder or offer such bidder any bid protections.

**Stalking Horse Bidder Deadline**

The deadline by which the Debtor may, but is not required to, identify a Stalking Horse Bid and any bid protections proposed to be provided to Stalking Horse Bidder is November 7, 2024.  Any such Stalking Horse Bidder, Stalking Horse Bid and bid proctections will be subject to Bankruptcy Court approval.  This deadline may be extended by the Debtor with the consent of Lone Oak Fund, LLC and CPIF California, LLC.

**Contingency Removal Deadline**

The deadline for all bidders to: (1) complete due diligence and remove/waive any and all contingencies, including financing and due diligence contingencies, with the only contingency being the entry of a sale order approving the Sale to such bidder, and (2) withdraw bids prior to such bids becoming binding and irrevocable without any contingencies other than entry of a sale order, is **December 6, 2024, at 5:00 p.m., (prevailing Pacific Time)** (the "Contingency Removal Deadline").  To the extent a bid is not withdrawn by a writing provided by the Contingency Removal Deadline to the Receiving Parties, it will be automatically deemed to become binding and irrevocable without any contingencies other than entry of a sale order, and any contingencies other than entry of a sale order, shall be deemed waived, removed and satisfied.

**Bid Requirements**

Each Initial Bid and "Final and Best" Bid, and each Potential Bidder submitting an Initial Bid and "Final and Best" Bid (each, a "Bidder") must be determined by Broker and the CRO to have satisfied all of the conditions listed below (collectively, the "Bid Requirements"):

1.      ***Terms***.  An Initial Bid and "Final and Best" Bid must be accompanied by a clean and redlined version of the Submitted APA, with the redlined version of the Submitted

APA to show all of the Potential Bidder's requested changes to the Template APA.  The

form Template APA in Word format can be obtained by any Potential Bidder from either

Broker or LNBYG, and a copy will be available in the online data room maintained by

Broker.  The Submitted APA must include binding, executed transaction documents and

be signed by an authorized representative of the Bidder.

2.      ***Identification of Contingencies***.  An Initial Bid and Final and Best Bid must

describe any and all conditions precedent to the bidder's authority to enter into or

consummate a definitive agreement.  The deadline to waive any and all contingencies,

including any and all due diligence and financing contingencies, must be not later than

December 6, 2024, provided that the entry of a sale order may remain a contingency.

3.      ***Bid Requirements***.  An Initial Bid and Final and Best Bid must set forth a cash

purchase price for the Property.  Without limiting the generality of the foregoing, an Initial

Bid and Final and Best Bid (i) may not contain representations or warranties, covenants,

or termination rights materially more onerous in the aggregate than are set forth in the

Template APA, as determined by the CRO and Broker (after consultation with the

Lenders), (ii) may not be conditioned upon obtaining financing, any internal, regulatory,

or other third party approvals, or on the outcome or review of due diligence except as set

forth above, (iii) may not provide for a closing date (the "Sale Closing") that will be later

than January 16, 2025, and (iv) may not be conditioned upon the Bankruptcy Court order

approving the sale becoming a "final order."

4.      ***Irrevocable***.  A Final and Best Bid, and an Initial Bid that a bidder designates as its

Final and Best Bid, is binding on the bidder and irrevocable, with the submitting bidder

obligated to proceed with such bid in accordance with its terms (i.e., a bidder may use any

diligence outs included its Final and Best Bid but may not withdraw the bid unless the Submitted APA permits such withdrawal).  An Initial Bid and Final and Best Bid must state that unless the Bidder withdraws its Initial Bid and "Final and Best" Bid by 5:00 p.m. (prevailing Pacific time) on December 6, 2024 in accordance with the terms of the Submitted APA and prior to the waiver of any contingencies, the offer made by the Bidder in its Initial Bid/Final and Best Bid is binding and irrevocable without contingencies until the conclusion of the Sale Hearing and such Initial Bid/Final and Best Bid must continue to remain binding and irrevocable through the Sale Closing if the Initial Bid, Final and Best Bid or any higher bid submitted by the Bidder at the Auction is accepted by the Debtor at the Auction as the Winning Bid (defined below) or the Winning Back-Up Bid (defined below) and approved by the Bankruptcy Court at the Sale Hearing.

5.      ***Identity of Bidder***.  An Initial Bid and Final and Best Bid  must fully disclose the identity of each entity or person that will be bidding for or purchasing the Property, including all material equity holders (i.e., parties that own at least 10% of the direct or indirect equity of the Bidder) or otherwise participating in connection with such Initial Bid or Final and Best Bid, and the complete terms of any participation agreement, including any agreements, arrangements or understandings concerning a collaborative or joint bid or any other combination concerning the proposed Initial Bid or Final and Best Bid.  An Initial Bid and Final and Best Bid must also fully disclose any connection with or participation by any "insider" of the Debtor or any relative or any affiliate of any "insider" of the Debtor. An Initial Bid and "Final and Best" Bid must also fully disclose any connection with or participation by any current creditor or equity holder of the Debtor.

6.      *Contact Information*.  An Initial Bid and Final and Best Bid must include the names and contact information (including phone numbers and email addresses) of all authorized representatives of the Bidder who will be available to answer questions regarding the Initial Bid and Final and Best Bid, including advisors and related parties, and all persons authorized to represent the bidder at the Auction. In order for any bid to be accepted, at least one such person must be identified.

7.      *Deposit*.  A Bidder must provide a good-faith Initial Deposit in immediately available funds in the amount of $500,000.00  by no later than October 24, 2024, and a good-faith Additional Deposit in immediately available funds in the amount of $1,000,000.00 by no later than December 6, 2024 (the Initial Deposit and Additional Deposit to be the "Deposit" in an aggregate total of $1,500,000.00).  If a Bidder elects to increase the amount of its Initial Bid or Final and Best Bid at the Auction, the Bidder will not be required to increase the amount of its Deposit.  If a bid submitted at the Auction ("Bid"), including any Initial Bid and Final and Best Bid, is determined to be the Winning Bid at the Auction and the Bidder who submitted such Winning Bid fails to timely close the Sale for any reason other than the Bankruptcy Court not approving the Winning Bid at the Sale Hearing, the Deposit shall become non-refundable and be forfeited to the Debtor. The same shall apply to any Winning Back-Up Bid in the event the Winning Bidder fails to timely close the Sale, the Winning Back-Up Bidder is notified in writing that it is now the Winning Bidder, and the Winning Back-Up Bidder fails to close its purchase within ten (10) days of having been notified that it is now the Winning Bidder, unless the Winning Bidder and the Debtor jointly agree to extend the Sale Closing date (it being understood that, promptly following the closing of the Sale to the Winning Bidder, the Winning Back-

Up Bidder will have its Deposit returned to it).  All Deposits of all Qualified Bidders shall be held in a segregated account, trust account or escrow account and shall be returned (other than with respect to the Winning Bidder and the Winning Back-Up Bidder) promptly after the conclusion of the Auction.  All Bidders shall have the right to withdraw their Initial Bid or Final and Best Bid at any time up until 5:00 p.m. (prevailing Pacific time) on December 6, 2024, in accordance with the terms of these Bidding Procedures and their Submitted APA, in which case the Bidder will receive a return of their Deposit (if one has been provided) and be prohibited from participating in the Auction.

8.    ***Financing and Funding Sources***.  An Initial Bid must contain written evidence of available funds or a firm irrevocable commitment for financing sufficient to consummate the proposed Sale with appropriate contact information for such financing sources, with CRO (after consultation with Broker and the Lenders) to determine whether such evidence of financing satisfies these Bidding Requirements and enables the Bidder to participate in the Auction, with such determination to be in the CRO's sole and absolute discretion.

9.    ***Designation of Assigned Contracts and Leases.***  An Initial Bid and Final and Best Bid must identify all of the Debtor's executory contracts and unexpired leases with respect to which the Bidder seeks assignment from the Debtor, with the Winning Bidder having the right to amend such list at any time prior to the commencement of the Sale Hearing; *provided that* the ability to assume any executory contract or unexpired lease is subject to the ability of the Debtor to obtain an order of the Bankruptcy Court approving of the Debtor's assumption and assignment of any executory contract or unexpired lease to the Winning Bidder.

10.    *Designation of Assumed Liabilities*.  An Initial Bid and Final and Best Bid must identify all liabilities that the Bidder proposes to assume.

11.    *Termination Fees.*  An Initial Bid and Final and Best Bid must not entitle the Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment or reimbursement, and by submitting the Initial Bid and Final and Best Bid, the Bidder waives the right to pursue a substantial contribution claim under 11 U.S.C. § 503 or any similar statute or common law concept related in any way to the submission of its Initial Bid or its participation in the Auction or sale process.

12.    *Identities of the Receiving Parties*:  All Initial Bids and "Final and Best" Bids must be delivered by email to each of the following parties (collectively, the "Receiving Parties"): (a) Broker, Attn: William Bauman (bill.bauman@nmrk.com) and Kyle R. Miller (kyle.miller@nmrk.com); (b) LNBYG, Attn: Ron Bender (RB@LNBYG.com), Beth Ann R. Young (BRY@LNBYG.COM) and Krikor J. Meshefejian (KJM@LNBYG.com); (c) the CRO, Attn: Kevin Singer (kevin@receivershipspecialists.com) and Rick Marquis (rick@receivershipspecialists.com); (d) Lone Oak Fund, LLC, c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, Attn: Simon Aron (saron@wrslawyers.com; and (e) CPIF California, LLC, c/o Benesch Friedlander Coplan & Aronoff, Attn: Jacob Marshall (jmarshall@beneschlaw.com) and Loren Scolaro (lscolaro@beneschlaw.com).

## Qualified Bidders and Qualified Bids

Potential Bidders who have satisfied the Participation Requirements and Bid Requirements (including having waived all contingencies other than entry of a Sale order) will be deemed "Qualified Bidders," and Final and Best Bids (including those Final and Best Bids that are Initial Bids) that meet all of the Bid Requirements described above (including having waived all

contingencies other than entry of a Sale order) will be deemed "Qualified Bids," in each case, only

if the CRO, in consultation with Broker, LNBYG, and Lenders concludes that: (i) such Final and

Best Bid would be consummated if selected as the Winning Bid, and (ii) the proposed Purchase

Price is sufficient and reasonably likely to be approved by the Bankruptcy Court; provided,

however, that, for avoidance of doubt, if any Qualified Bidder fails to comply with reasonable

requests for additional information and due diligence access from Broker, to its satisfaction, the

CRO shall have the right, in its sole and absolute discretion (after consultation with Broker and

Lenders), to disqualify any Qualified Bidder and Qualified Bid, and such Bidder shall not be

entitled to attend or otherwise participate in the Auction.  For the avoidance of doubt, and as set

forth below, Lone Oak Fund, LLC and CPIF California, LLC shall automatically be deemed to be

Qualified Bidders entitled to participate as Qualified Bidders in the Auction.

## Credit Bids

Lone Oak Fund, LLC and CPIF California, LLC shall be entitled to credit bid their

respective claims pursuant to 11 U.S.C. § 363(k), subject to the such party's cash payment of: (1)

with respect to CPIF California, LLC, the Carve-Out (as defined in that certain Binding Term

Sheet between the Debtors and CPIF California, LLC), (2) any transfer taxes and real property

taxes, and (3) any other Customary Closing Costs (as defined in the Binding Term Sheet, and

including commissions to Broker owed by the Debtor).   Additionally, any acquisition of the

Property by CPIF California, LLC by credit bid shall be subject to Lone Oak Fund, LLC's first

lien mortgage, the assumption of which shall be in accordance with the intercreditor agreement by

and between CPIF California, LLC and Lone Oak Fund, LLC.

## Notice of Qualified Bids

By 2:00 p.m. (prevailing Pacific time) on December 9, 2024, Broker shall identify to all Qualified Bidders: (a) each and every Final and Best Bid that Broker considers to be a Qualified Bid and (b) if more than one Qualified Bid has been timely received, the Final and Best Bid that is a Qualified Bid and that will constitute the Opening Bid at the Auction and the bidding order in which the Auction will be conducted.

## Auction

If no Qualified Bids are received, then the Auction will be deemed automatically cancelled unless the CRO and Broker determine otherwise, in their sole and absolute discretion.  If only one Qualified Bid is received, absent an election by a Lender to credit bid an amount in excess of the Qualified Bid, there will be no Auction and the Qualified Bidder will be deemed the Winning Bidder (unless the CRO and Broker determine otherwise, in their sole and absolute discretion).  If more than one Qualified Bid is received, the Auction will proceed as scheduled with the Auction to commence at 10:00 a.m. (prevailing Pacific time) on December 10, 2024 at the law offices of Levene, Neale, Bender, Yoo & Brill L.L.P., 2818 La Cienega Avenue, Los Angeles, CA 90034 with Zoom participation permitted, unless the CRO and Broker determine otherwise, in their sole and absolute discretion after consultation with the Lenders.

## Participation in and Attendance at Auction

Only Broker, the Debtor, the Debtor's Manager, CRO, LNBYG, Lone Oak Fund, LLC and CPIF California, LLC and Qualified Bidders along with their representatives, counsel, and advisors, may attend the Auction (such Auction to be in person or via Zoom), and only Qualified Bidders shall be permitted to submit any Bids at the Auction.

## No Collusion; Good Faith Bona Fide Offer

Each Qualified Bidder participating in the Auction will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; (ii) its Initial Bid, Final and Best Bid, and any higher bid submitted at the Auction is a good-faith *bona fide* offer and that such bids are irrevocable as set forth in these Bidding Procedures; (iii) it intends to consummate the proposed transaction if selected as the Winning Bidder; and (iv) it acknowledges that, if chosen, it will serve as the Winning Back-Up Bidder.

### Opening Bid at the Auction

The Qualified Bid determined by Broker and the CRO to constitute the highest and best Final and Best Bid will serve as the opening bid (the "Opening Bid") at the Auction. Broker will notify all Qualified Bidders in advance of the Auction which Final and Best Bid that is a Qualified Bid has been accepted as the Opening Bid at the Auction and the order in which the bidding at the Auction will proceed.

### Conducting the Auction

Broker, the CRO and LNBYG will direct and preside over the Auction. At the start of the Auction, and after each Qualified Bidder acknowledges on the record that it has not engaged in any collusion with respect to the bidding, that its Initial Bid, Final and Best Bid, and any other bids submitted at the Auction are and will be good faith bona fide offers that will remain irrevocable pursuant to the terms of these Bidding Procedures, and that it intends to consummate the proposed transaction if selected as the Winning Bidder or the Winning Back-Up Bidder, Broker and LNBYG will identify, confirm and describe the Opening Bid. The bidding will then ensue in the bidding order provided by Broker to all Qualified Bidders in advance of the Auction. All bidding after the Opening Bid shall continue in bidding increments of at least $500,000.00 or figures that are wholly divisible by $500,000.00 unless the CRO and Broker determine otherwise. All bids will be made

and received in one room (or otherwise in the presence via Zoom or similar virtual means of all parties), on an open basis, and all Qualified Bidders will be entitled to be present for all bidding, with the understanding that the identity of each Qualified Bidder will be fully disclosed to all Qualified Bidders before the Auction and the material terms of each Qualified Bid submitted prior to the Auction, and all successive bids made at the Auction, will be fully disclosed to all Qualified Bidders.  All Qualified Bidders will be permitted to bid at the Auction based on what CRO, Broker and LNBYG determine to be an appropriate amount of time to respond to each prior submitted Bid.

Prior to the Auction, Broker will randomly assign to each Qualified Bidder a bidder number, except that the Qualified Bidder whose Initial Bid/Best and Final Bid was accepted as the Opening Bid will be assigned bidder number 1.  Once the Opening Bid has been described by Broker and LNBYG, the bidding will then pass to Bidder number 2.  Bidder number 2 will have the option of submitting an overbid to the Opening Bid of at least $500,000 more than the Opening Bid or dropping out of the Auction.  Once a Bidder drops out of the Auction, the Bidder will no longer be permitted to participate in the Auction.  After Bidder number 2 either submits a qualifying overbid or drops out of the Auction, the bidding will then pass to Bidder number 3. This process will continue until only two Qualified Bidders are left (and for the avoidance of doubt the process will continue with those two Qualified Bidders to determine which of those two Qualified Bidders submits the highest Qualified Bid and which Qualified Bidder submits the second highest Qualified Bid).  The Qualified Bidder who submits the highest Qualified Bid will be deemed the Winning Bidder at the Auction, and the Qualified Bidder who submits the second highest Qualified Bid will be deemed the Winning Back-Up Bidder at the Auction.

Except as expressly provided in the Bidding Procedures Order or the provisions of these Bidding Procedures, the CRO and Broker shall have the right to conduct the Auction in the manner they reasonably determine (after consulation with Lenders) in the exercise of their business judgment, to be in the best interests of the Debtor's bankruptcy estate.  The CRO and Broker shall also have the right to deviate from these Bidding Procedures without the need for any further order of the Bankruptcy Court if they reasonably determine (after consultation with Lenders), in the exercise of their business judgment, that doing so would be in the best interests of the Debtor's bankruptcy estate and is not inconsistent with any of the provisions of the Bankruptcy Code or any previously entered order of the Bankruptcy Court including the Bidding Procedures Order.

Broker and the CRO, in consultation with the Debtor, LNBYG, Lone Oak, and CPIF, may (1) determine which Qualified Bid, if any, is the highest, best and otherwise financially superior offer and (2) reject at any time any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or these Bidding Procedures, or (iii) contrary to the best interests of the Debtor or its bankruptcy estate; provided that, the highest, best, and otherwise financially superior offer shall be the Qualified Bid at the Auction reasonably expected to result in the highest amount of money being paid to the Debtor for the purchase of the Property.

All bids submitted at the Auction will provide for a cash purchase price of the Property on terms substantially similar to the Qualified Bidders Submitted APA.

### Selection of the Winning Bid and Winning Back-Up Bid

The Auction shall continue until there is one Qualified Bid that Broker and the CRO determine, in consultation with the Debtor, LNBYG, Lone Oak and CPIF, subject to Bankruptcy Court approval at the Sale Hearing, to be the highest and best bid (the "Winning Bid"), and another Qualified Bid to be the second highest and best bid (the "Winning Back-Up Bid"), at which point

-19-

the Auction will be deemed concluded.  The CRO will not consider any Bids submitted after the conclusion of the Auction.

Subject to the Bankruptcy Court approving the Winning Bid at the Sale Hearing and entering an order approving of the Debtor's free and clear sale of the Assets to the Winning Bidder in accordance with the APA submitted by the Winning Bidder and approved by the Debtor (the "Sale Order"), the Winning Bidder shall be required to close the Sale by January 16, 2025 (unless the Debtor, Lone Oak Fund, LLC and CPIF California, LLC, jointly agree to an extension of this outside Sale Closing date, which will be in their sole and absolute discretion), or the Winning Bidder will be deemed to have forfeited its Deposit to the Debtor.  Promptly following the Sale Closing to the Winning Bidder, the Debtor shall return the Deposit of the Winning Back-Up Bidder to the Winning Back-Up Bidder.

If the Winning Bidder fails to close the Sale by January 16, 2025, unless the Debtor, Lone Oak Fund, LLC and CPIF California, LLC jointly agree in their sole and absolute discretion to extend the Sale Closing date, Broker shall so notify the Winning Back-Up Bidder.  The Winning Back-Up Bidder will then have ten (10) days following the date of having been notified by Broker to close the Sale.  If the Winning Back-Up Bidder fails to close the Sale within this time period, unless the Debtor and the Winning Back-Up Bidder mutually agree in their sole and absolute discretion to extend the Sale Closing date, the Winning Back-Up Bidder will be deemed to have forfeited its Deposit to the Debtor.

## Return of Deposits Following the Completion of the Auction

Promptly following the completion of the Auction, the Debtor will return the Deposits of all Bidders except for the Deposits of the Winning Bidder and the Winning Back-Up Bidder.

## Sale Hearing

The Sale Hearing for the Bankruptcy Court to approve the outcome of the Auction and the Debtor's sale of the Assets to the Winning Bidder and to the Winning Back-Up Bidder if the Winning Bidder fails to close timely shall be held on December __, 2024, at __:__ _.m. (prevailing Pacific time), or at such other date and time set by the Bankruptcy Court.

## EXHIBIT "A"

**[BIDDING PROCEDURES ORDER WITHOUT EXHIBITS]**

EXHIBIT "3"

1   RON BENDER (SBN 143364)
    BETH ANN R. YOUNG (SBN 143945)
2   KRIKOR J. MESHEFEJIAN (SBN 255030)
    LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3   2818 La Cienega Avenue
    Los Angeles, California 90034
4   Telephone: (310) 229-1234
    Facsimile: (310) 229-1244
5   Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM

6
    Counsel for Chapter 11 Debtors and Debtors in Possession
7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9
                         **LOS ANGELES DIVISION**
10

| 11 | In re: | Lead Case No.: 2:24-bk-11409-SK |
| 12 | | |
| 13 | AGTJ13, LLC, a Delaware limited liability company, | Jointly administered with: 2:24-bk-11412-SK |
| 14 | Debtor and Debtor in Possession. | Chapter 11 Cases |
| 15 | | |
| 16 | In re: | **NOTICE OF: (1) ASSUMPTION AND ASSIGNMENT OF EXECUTORY** |
| 17 | AGTJ Manager, LLC, a California limited liability company, | **CONTRACTS AND UNEXPIRED LEASES; (2) ESTABLISHMENT OF CURE AMOUNTS** |
| 18 | Debtor and Debtor in Possession. | **IN CONNECTION THEREWITH; (3) PROCEDURES AND DEADLINES** |
| 19 | | **REGARDING OPPOSITIONS TO ASSUMPTION AND ASSIGNMENT, AND** |
| 20 | ☐ Affects both Debtors | **CURE AMOUNTS; AND** |
| 21 | ☒ Affects AGTJ13, LLC only | **(4) HEARING THEREON** |
| 22 | ☐ Affects AGTJ13 Manager, LLC only | |
| 23 | | Date:   TBD |
| 24 | | Time:   TBD |
| 25 | | Place:  Courtroom 1575 |
| 26 | | 255 E. Temple Street |
| | | Los Angeles, CA 90012 |

27

28

                                    1

**TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF AGTJ13, LLC:**

**PLEASE TAKE NOTICE** that a hearing will be held on _____ __, 2024, commencing at __:__ _.m., at the the above-referenced Courtroom (the "Sale Hearing"), for the Court to consider approval of the motion ("Motion") filed by AGTJ13, LLC, a debtor and debtor in possession in the above-referenced joint-administered Chapter 11 cases ("Property Co" or the "Debtor"), seeking entry of an order of the Court: (1) approving the Debtor's sale of that certain real property located at 450 S. Western Avenue, Los Angeles, CA (the "Property") to the winning bidder ("Winning Bidder") or winning back-up bidder ("Winning Back-Up Bidder") selected at an auction to be held on October 29, 2024 (the "Auction"), free and clear of all liens, claims, encumbrances and other interests pursuant to 11 U.S.C. § 363(f); (2) approving the Debtor's assumption and assignment of certain executory contracts and unexpired leases and determining cure amounts and approving the Debtor's rejection of those executory contracts and unexpired leases which are not assumed and assigned which the Debtor determines to reject; (3) waiving the 14-day stay periods set forth in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure; and (4) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that a schedule of all of the Debtor's known executory contracts and unexpired leases (the "Contracts and Leases Schedule"), along with the Debtor's belief as to all outstanding cure amounts owing by the Debtor to the other parties to those executory contracts and unexpired leases (the "Cure Amount"), is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that an executory contract and/or unexpired lease to which you are a counterparty may be assumed and assigned to the Winning Bidder. Any executory contract and/or unexpired lease which is not assumed and assigned may be rejected by the Debtor.

By way of the Motion, the Debtor is seeking the Court's authority to assume and assign to the Winning Bidder all of the Debtor's executory contracts and unexpired leases that the Winning Bidder wants to have assigned to it and to fix the required Cure Amounts that would need to be paid to the other parties to the executory contracts and unexpired leases to enable compliance with the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at the Cure Amounts set forth in the Contracts and Leases Schedule

2

unless the other parties to the executory contracts and unexpired leases file a timely objection to the Motion and the Court determines that the required Cure Amount is different than the amount set forth in the Contracts and Leases Schedule.  By way of the Motion, the Debtor is also seeking a determination by the Court that none of the other parties to the executory contracts and unexpired leases have suffered any actual pecuniary loss resulting from any default by the Debtor so that no further payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.

Since the identity of the Winning Bidder is not known at this time (and will not be known until the conclusion of the Auction), the Debtor has no way of knowing which executory contracts and unexpired leases, if any, the Winning Bidder will to have assigned to it.  Accordingly, this Notice has been served on <u>every</u> counterparty to all executory contracts or unexpired leases; thus, every counterparty to an executory contract or unexpired lease that could be subject to an assumption and assignment should read this Notice and **<u>Exhibit 1</u>** to this Notice and consider the relief being requested by the Debtor, and to the extent they oppose the relief being requested by the Debtor, comply with the procedures and deadlines set forth below.

**PLEASE TAKE FURTHER NOTICE that if you are a party to an executory contract or unexpired lease with the Debtor and you: (A) oppose the Motion; (B) oppose the assumption or assignment of any executory contract or unexpired lease; or (C) contend that (i) the required Cure Amount is different than the amount set forth in the Contracts and Leases Schedule and/or (ii) you have suffered any actual pecuniary loss resulting from any default by the Debtor and you contend that additional payments beyond the proposed Cure Amounts are required to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code, <u>you must file a written opposition to the Motion with the Court by no later than October 21, 2024</u>, setting forth your (A) opposition to the assumption and assignment of your contract and/or lease; (B) contention as to the required Cure Amount and/or (C) contention of the extent to which you have suffered actual pecuniary loss resulting from any default by the Debtor that you contend must be satisfied beyond the proposed Cure Amounts to enable compliance with the provisions of Section 365(b)(1)(B) of the Bankruptcy Code.  Any such written opposition must state the basis for such objection, and state**

**with specificity what Cure Amount(s) you believe is required (in all cases with appropriate documentation in support thereof).**

PLEASE TAKE FURTHER NOTICE that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing, or at a later hearing, as determined by the Debtor.

PLEASE TAKE FURTHER NOTICE of the following conditions, procedures and deadlines established by the Court:

(1)    Any objection solely to the Cure Amount(s) may not prevent or delay the Debtor's assumption and assignment of assumed and assigned contract(s) or lease(s).  If a party objects solely to Cure Amount(s), the Debtor may, with the consent of the Winning Bidder, hold the claimed Cure Amount(s) in reserve pending further order of the Court or mutual agreement of the parties.  So long as the Cure Amount is held in reserve, and there are no other unresolved objections to assumption and assignment of the applicable assumed and assigned contract(s) or lease(s), the Debtor will, without further delay, assume and assign such contract(s) or lease(s) to the Winning Bidder.  Under such circumstances, the objecting non-Debtor counterparty's recourse will be limited to the funds held in reserve.

(2)    If no objection to the Cure Amount(s) is timely received, the Cure Amount(s) set forth in **Exhibit 1** to this Notice shall be controlling notwithstanding anything to the contrary in any assigned contract(s) or lease(s) or other document(s) as of the date of this Notice.

(3)    Within one day following the conclusion of the Auction, the Winning Bidder will be required to provide to the Debtor a list of those executory contracts and unexpired leases that the Winning Bidders elects to have assumed and assigned (the "Designated Contracts") to the Winning Bidder at closing of the sale pursuant to Bankruptcy Code Section 365, subject to the Winning Bidder's right to add or delete executory contracts or unexpired leases.  The Debtor will thereafter notify the counter-parties to the Designated Contracts of the Winning Bidder's preliminary determination in this regard.

(4)    **To the extent that any non-Debtor counterparty wishes to object to the adequate assurance of future performance by the Winning Bidder under the applicable executory contract(s) or unexpired lease(s), then such non-Debtor counterparty shall file a written objection with the Court at least one day prior to the Sale Hearing**.

4

(5)    **To the extent that any non-Debtor counterparty does not timely file and serve an objection as set forth above, such counterparty will be: (i) deemed to have consented to the Cure Amount(s), if any, set forth in Exhibit 1 to this Notice; (ii) barred, estopped and enjoined from asserting any additional Cure Amount(s) or pecuniary loss under the assumed and assigned executory contract(s) or unexpired lease(s); (iii) barred from objecting to the assumption and assignment of the applicable assumed and assigned executory contract(s) or unexpired lease(s) to the Winning Bidder, and (iv) barred from objecting to adequate assurance of future performance by the Winning Bidder**.

(6)    The inclusion of a contract or lease in **Exhibit 1** to this Notice shall not constitute or be deemed a determination or admission by the Debtor, the Winning Bidder or any other party in interest that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code or that such contract or lease will be assumed.  The Debtor reserves all of its rights, claims and causes of action with respect to the contracts or leases listed in **Exhibit 1** to this Notice and any other contracts or leases to which the Debtor is a party.

Dated:  October 7, 2024

                      LEVENE, NEALE, BENDER, YOO
                      & GOLUBCHIK L.L.P.

                      By:  */s/ Krikor J. Meshefejian*
                            Ron Bender
                            Beth Ann R. Young
                            Krikor J. Meshefejian
                            Attorneys for Chapter 11 Debtors in Possession

5

# EXHIBIT "4"

RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM

Counsel for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AGTJ13, LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession. | Lead Case No.: 2:24-bk-11409-SK<br><br>Jointly administered with:<br>2:24-bk-11412-SK<br><br>Chapter 11 Cases |
| In re:<br><br>AGTJ Manager, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession. | **NOTICE OF HEARING ON AGTJ13, LLC'S MOTION FOR AN ORDER: (1) APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DETERMINING CURE AMOUNTS; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF** |
| ☐ Affects both Debtors<br><br>☒ Affects AGTJ13, LLC only<br><br>☐ Affects AGTJ13 Manager, LLC only | Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 1575<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

1

**PLEASE TAKE NOTICE** that a hearing will be held on _____ __, 2024, commencing at __:__ _.m., at the the above-referenced Courtroom (the "Sale Hearing"), for the Court to consider approval of the motion ("Motion") filed by AGTJ13, LLC, a debtor and debtor in possession in the above-referenced joint-administered Chapter 11 cases ("Property Co" or the "Debtor"), seeking entry of an order of the Court: (1) approving the Debtor's sale of that certain real property located at 450 S. Western Avenue, Los Angeles, CA (the "Property") to the winning bidder ("Winning Bidder") or winning back-up bidder ("Winning Back-Up Bidder") selected at an auction to be held on October 29, 2024 (the "Auction"), free and clear of all liens, claims, encumbrances and other interests pursuant to 11 U.S.C. § 363(f); (2) approving the Debtor's assumption and assignment of certain executory contracts and unexpired leases and determining cure amounts and approving the Debtor's rejection of those executory contracts and unexpired leases which are not assumed and assigned which the Debtor determines to reject; (3) waiving the 14-day stay periods set forth in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure; and (4) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, on September __, 2024, the Bankruptcy Court entered an order (the "Bidding Procedures Order") [Doc. __] approving the bidding procedures ("Bidding Procedures") described in **Exhibit A** to this Notice. **Creditors, equity interest holders, prospective bidders and parties in interest should carefully read the attached Bidding Procedures, which set forth detailed instructions, requirements and deadlines pertaining to bid qualifications, the Auction and the sale of the Property**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, any opposition to the Motion or to the sale of the Property as contemplated by the Motion or the Debtor's assumption and assignment of contracts and leases to the Winning Bidder or the Winning Back-Up Bidder must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (c) be filed with the clerk of the Court and served on the Debtor's bankruptcy counsel – Levene, Neale, Bender, Yoo & Golubchik L.L.P., Attn: Ron Bender (RB@LNBYG.com); Beth Ann R. Young (BRY@LNBYG.COM); and Krikor J. Meshefejian (KJM@LNBYG.COM), and the U.S. Trustee by no later than **October 21, 2024**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, any reply to an opposition to the Motion must be filed and served by no later **October __, 2024.**

**PLEASE TAKE FURTHER NOTICE** that the failure of a party in interest to file and serve a timely objection to the Motion may be deemed by the Court to constitute such party's consent to all of the relief requested by the Debtor in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the Memorandum of Points and Authorities attached to the Motion, the concurrently filed Declarations in support of the Motion, and all Exhibits attached thereto, the entire record of the Debtor's bankruptcy case, the statements, arguments, and representations of counsel to be made at the hearing on this Motion, and any other evidence properly presented to the Court.

## Additional Information

The Bidding Procedures which were served on all creditors, equity holders, parties in interest, and prospective bidders, on _____, 2024, and are attached as **Exhibit A** to this Notice, explain to prospective bidders how a prospective bidder becomes qualified to participate in the Auction and how the Auction would proceed in the event that there is one or more qualified bidders.

The Debtor is providing all prospective buyers with a level playing field with no bidder having any financial advantage over any other bidder.[1]   The proposed sale of the Property is subject to an overbid process to make sure that all prospective, qualified bidders have the opportunity to participate in an open Auction process to insure that the highest and best price is ultimately paid for the Property.

For all of these reasons and the others set forth in the Motion, the Memorandum of Points and Authorities attached to the Motion, and the concurrently filed Declaration(s) in support of the Motion, the Debtor requests that the Court grant the Motion without delay to allow the Debtor to consummate its sale of the Property to the Winning Bidder or the Winning Back-Up Bidder at the hearing on _____, 2024, and immediately thereafter enter the Debtor's proposed sale order.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court:

---

[1] The Debtors reserve the right to accept a stalking horse bid and/or to seek a further order of the Bankruptcy Court to modify any of the terms of the Bidding Procedures.

3

1.    Find that notice of the Motion was proper, timely, adequate, appropriate and sufficient and that no other or further notice of the Motion, the hearing on the Motion, or the sale of the Property is or shall be required;

2.    Find good, sufficient, and sound business purposes and justification and compelling circumstances for the Debtor's sale of the Property;

3.    Approve the sale of the Property to the Winning Bidder and the Winning Back-Up Bidder at the Auction free and clear of all liens, claims, encumbrances and other interests;

4.    Find that the Winning Bidder and Winning Back-Up Bidder at the Auction are good faith buyers entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code;

5.    Enter a sale order in a form that is mutually agreed to between the Debtor and the Winning Bidder and Wining Back-up Bidder;

6.    Authorize the Debtor to enter into an APA in a form that is consistent with the terms of the sale order;

7.    Waive the 14-day stay periods set forth in Bankruptcy Rules 6004(h) and 6006(d); and

8.    Grant such other and further relief as the Court deems just and proper.

Dated: _____, 2024        LEVENE, NEALE, BENDER, YOO
                          & GOLUBCHIK L.L.P.

                          By:_____
                              Ron Bender
                              Beth Ann R. Young
                              Krikor J. Meshefejian
                              Attorneys for Chapter 11 Debtors in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DECLARATION OF KEVIN SINGER IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) ESTABLISHING BIDDING PROCEDURES FOR FREE AND CLEAR SALE OF ASSETS; (II) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING FORMS OF NOTICE; (IV) SCHEDULING AN AUCTION; (V) SCHEDULING A SALE HEARING; AND (VI) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES** be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 13, 2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Ron Bender**    rb@lnbyg.com
- **Kevin M Capuzzi**    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Ryan J DeRose**    ryan@parkandlim.com, cathy@parkandlim.com
- **Krista M Enns**    KEnns@beneschlaw.com, docket2@beneschlaw.com;SWolfish@beneschlaw.com;BGallese@beneschlaw.com;ESmith@beneschlaw.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Elsa M Horowitz**    ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- **Christian T Kim**    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com

**2.  SERVED BY UNITED STATES MAIL**:  On **September 13, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
The Honorable Sandra R. Klein
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

**SERVED BY EMAIL**

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Ron Bender**    rb@lnbyg.com
- **Kevin M Capuzzi**    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Ryan J DeRose**    ryan@parkandlim.com, cathy@parkandlim.com
- **Krista M Enns**    KEnns@beneschlaw.com, docket2@beneschlaw.com;SWolfish@beneschlaw.com;BGallese@beneschlaw.com;ESmith@beneschlaw.com
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Elsa M Horowitz**    ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- **Christian T Kim**    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com

**Emails from Proofs of Claims filed in both consolidated cases:**
**POC 1 (IRS):** Florence.Perkins@irs.gov
**POC 2 LA County Treasurer and Tax Collector:** bankruptcy@ttc.lacounty.gov
**POC 4 Kreation:** dmslawyer@gmail.com
**POC 4 CPIF:** robs@columbiapacific.com
**POC 5 Kalo Avrio:** drhee9@gmail.com
**POC 5 Mitsubishi:** arlene.ruiz@meus.com
**POC 6 Athens:** rsahyan@sheppardmullin.com; sfarmakis@athensservices.com
**POC 7 – No creditor name:** dan@dmslawyer.com
**POC 8 – Gaju Market:** dkane@vedderprice.com; cwang@vedderprice.com
**POC 9 – Hui Pun Kim:** ckim@dumas-law.com; richard@richardDHofrman.com;
**POC 10 – Lone Oak –** saron@wrslawyers.com

☒ Service **BY OVERNIGHT MAIL** information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2024 | Lourdes Cruz | /s/ Lourdes Cruz |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

**Email Block:**

saron@wrslawyers.com; moster@wrslawyers.com; jlee@wrslawyers.com; kcapuzzi@beneschlaw.com; docket2@beneschlaw.com; lmolinaro@beneschlaw.com; mchristiansen@vedderprice.com; ecfladocket@vedderprice.com; marie-christiansen-4166@ecf.pacerpro.com; ryan@parkandlim.com; cathy@parkandlim.com; KEnns@beneschlaw.com; docket2@beneschlaw.com; SWolfish@beneschlaw.com; BGallese@beneschlaw.com; ESmith@beneschlaw.com; ahochheiser@mauricewutscher.com; arodriguez@mauricewutscher.com; ehorowitz@wrslawyers.com; jlee@wrslawyers.com; ckim@dumas-law.com; ckim@ecf.inforuptcy.com; ron.maroko@usdoj.gov; david@davidwmeadowslaw.com; ustpregion16.la.ecf@usdoj.gov; gwarrington@frandzel.com; achase@frandzel.com; Florence.Perkins@irs.gov; bankruptcy@ttc.lacounty.gov; dmslawyer@gmail.com; drhee9@gmail.com; robs@columbiapacific.com; arlene.ruiz@meus.com; rsahyan@sheppardmullin.com; sfarmakis@athensservices.com; dan@dmslawyer.com; dkane@vedderprice.com; cwang@vedderprice.com; ckim@dumas-law.com; richard@richardDHofrman.com; saron@wrslawyers.com

AGTJ13, LLC
**SERVICE BY FEDEX/OVERNIGHT
MAIL**

Acosta Power Sweeping Services, Inc
2134 Berkshire Cir.
Corona, CA 92879

Attorneys for AmTrust North America, Inc.
on behalf of Wesco Insurance Company
MAURICE WUTSCHER LLP **RSN**
Alan C. Hochheiser
23611 Chagrin Blvd., Suite 207
Beachwood, OH 44122

Ron Maroko
Office of the United States Trustee
915 Wilshire Blvd., Ste 1850
Los Angeles, CA 90017

Amtrust North America
PO Box 6939
Cleveland, OH 44101

Antonia Stabile, Esq, Benesch,
Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111

Alice Kang dba King Donkatsu
450 S. Western Avenue
#305/FC4
Los Angeles, CA 90020

Catherine Park dba Bonjuk
450 S. Western Avenue
#305/FC3
Los Angeles, CA 90020

City of Los Angeles
City Clerk's Office/Tax & Permit
111 N. Hope St., #258
Los Angeles, CA 90012

Athens Service
P.O. Box 60009
City of Industry, CA 91716

CNP Gaju #2 and Dong Hun Yoo
dba Seoul Pho
450 S. Western Ave., # 305/FC2
Los Angeles, CA 90020

CPIF California, LLC
1910 Fairview Avenue East
Suite 200
Seattle, WA 98102

CNP Gaju #1 and Dong Hun Yoo
dba Hyunghoon Tendon
450 S. Western Ave., # 305/FC1
Los Angeles, CA 90020

ELSIS LLC
450 S. Western Avenue
#215A
Los Angeles, CA 90020

Emerald Enterprise dba
Dennis Optical
450 S. Western Ave., #207
Los Angeles, CA 90020

Eden Beauty LLC
450 S. Western Avenue
#208
Los Angeles, CA 90020

Franchise Tax Board
Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Gaju Market Corporation
450 S. Western Avenue
#101
Los Angeles, CA 90020

F&G Global, LLC
112 White Plume
Irvine, CA 92618

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

Gaju Market Corporation
450 S. Western Avenue
#201
Los Angeles, CA 90020

Jake Sharp Capital
Jake Sharp Group
Lafayette Jackson Sharp, IV
32932 Pacific Coast Highway 14 #441
Dana Point, CA 92629

Jiyoung Park dba Clement
445 S. Hobart Blvd.
Los Angeles, CA 90020

Jahyun Judy Hong dba Jungabok
450 S. Western Avenue
#305/FC5
Los Angeles, CA 90020

JeongJu Han dba Sinjeon
450 S. Western Avenue
#314
Los Angeles, CA 90020

Kimberly Hae Sun Kim
3650 Burritt Way
La Crescenta, CA 91214

Jay Hyung dba Donginbi
450 S. Western Avenue
#216
Los Angeles, CA 90020

Kevin M. Capuzzi, Esq., Benesch,
Friedlander, Coplan & Aronoff LLP
1313 North Market Street, Suite 120
Wilmington, DE 19801

Kreation Enterprise, Inc. dba
Etude
450 S. Western Ave., # 219, 221
Los Angeles, CA 90020

JU MA Security
P.O. Box 743122
Los Angeles, CA 90004

Kreation Enterprise, Inc. dba
SR Hair Society
450 S. Western Ave., # 217, 218
Los Angeles, CA 90020

Kreation Enterprise, Inc.
Attn: Joshua Park
450 S. Western Avenue
Los Angeles, CA 90020

L.A. Dept. of Water and Power
PO Box 30808
Los Angeles, CA 90030-0808
Los Angeles, CA 90030

Myeong Ho Hwang
dba Guardian Computer
450 S. Western Ave., #215-B
Los Angeles, CA 90020

Kreation Enterprise, Inc. dba
Etude Boutique
450 S. Western Ave., # 203, 222
Los Angeles, CA 90020

Los Angeles County Treasurer And Tax
Collector
Attn: Bankruptcy Unit
PO Box: 54110
Los Angeles, CA 90054-0110

PPS-Capital Inc. and Dong Hun Yoo
dba Myungrang Hot Dog
450 S. Western Ave., #313
Los Angeles, CA 90020

Lone Oak Fund, LLC
11611 San Vicente Blvd.
Suite 640
Los Angeles, CA 90049

Mitsubishi Electric US Americas
5900-A Katella Ave.
Cypress, CA 90630

Secured Properties Management
Group Inc./Secured Properties, Inc.
3435 Wilshire Blvd., Suite 2510
Los Angeles, CA 90010

Marcus & Millichap Real
Estate Investment Services, Inc.
16830 Ventura Blvd., Suite 100
Encino, CA 91436

Pacific City Bank
450 S. Western Avenue
#213
Los Angeles, CA 90020

Tae Ub Yoon dba Yoon's Wacth Co.
450 S. Western Avenue
#215C
Los Angeles, CA 90020

Myeong Ho Hwang dba ELSIS, LLC
450 S. Western Avenue
#214
Los Angeles, CA 90020

Secured Properties Inc.
3435 Wilshire Blvd., Suite 2510
Los Angeles, CA 90010

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Se Woon Park dba E Young Collection
450 S. Western Avenue
#209
Los Angeles, CA 90020

T-Mobile West, LLC
12920 SE 38th Street
Bellevue, WA 98006

Kalo Avrio, LLC
3435 Wilshire Blvd.
Suite 1075
Los Angeles CA 90010

Simon Aron, Esq., Wolf, Rifkin,
Shapiro, Schulman & Rabkin LLP
1140 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064

Warren Wi Kim dba Ye Teahouse
450 S. Western Avenue
#315, 316
Los Angeles, CA 90020

Walter Kim dba BMB Medical Group
450 S. Western Avenue
#205, 206
Los Angeles, CA 90020

U.S. Securities and Exchange
Commission  Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071-9591

Daniel M. Shapiro/Kreation Enterprise
Corp.
1366 E. Palm Street
Altadena, CA 91001

Ms. Hui Pun Kim
Attn: Richard D. Hoffman
Law Offices of
RICHARD D. HOFFMAN
8383 Wilshire Boulevard, Suite 830
Beverly Hills, California 90211-2445

Internal Revenue Service
IRS Insolvency Group 7
24000 Avila Road 3rd Floor, M/S
Laguna Niguel CA 92677

Christian T. Kim
Dumas & Kim, APC
915 Wilshire Boulevard, Suite 1775
Los Angeles, CA 90017

Mitsubishi Electric US Americas
5900-A Katella Ave.
Cypress, CA 90630

Athens Services
Attn: Ori Katz/Robert Sahyan
Sheppard Mullin Richter Hampton
4 Embarcadero Center
San Francisco CA 94111

Gaju Market Corporation
Vedder Price P.C. Attn: David L. Kane
222 North LaSalle Street
Chicago, IL 60601

Hui Pun Kim
c/o Dumas & Kim, APC.,
915 Wilshire Blvd., Ste. 1775
Los Angeles, CA 90017